IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Hawk Valley, Inc., a Pennsylvania corporation, individually and as the representative of a class of similarly situated persons | : : : : | CIVIL ACTION |
| Environmental Process Systems, Inc. and Elaine G. Taylor | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( X )

| February 17, 2010 | Attorney-at-law Alan C. Milstein | Plaintiff, Hawk Valley, Inc. |
|---|---|---|
| **Date** | | **Attorney for** |
| (856) 662-0700 | (856) 488-4744 | amilstein@shermansilverstein.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Hawk Valley, Inc., a Pennsylvania corporation, individually and as the representative of a class of similarly situated persons

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

1319 Crestview Drive
Denver, PA 17517

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Sherman Silverstein Kohl Rose & Podolsky, P.A.
Alan C. Milstein, Esquire
4300 Haddonfield Road, Suite 311   Pennsauken, NJ 08109  856-662-0700

## DEFENDANTS
Environmental Process Systems, Inc. and Elaine G. Taylor

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 U.S.C. Sec 227
Brief description of cause:
violation of 47 U.S.C. Sec 227, Telephone Consumer Protection Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** Excess of $75,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

**DATE** February 3, 2010

**SIGNATURE OF ATTORNEY OF RECORD**
Alan C. Milstein, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

[ Print ]   [ Save As... ]   [ Export as FDF ]   [ Retrieve FDF File ]   [ Reset ]

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __1319 Crestview Drive, Denver, PA  17517__

Address of Defendant: __1124 W. Charlotte Avenue, Mt. Holly, North Carolina  28120__

Place of Accident, Incident or Transaction: __Pennsylvania__
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases **Telephone Consumer Protection Act**
    (Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, __Alan C. Milstein__, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __February 17, 2010__    _____    __AM-2759__
                                Attorney-at-Law **Alan C. Milstein**   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __February 17, 2010__    _____    __AM-2759__
                                Attorney-at-Law **Alan C. Milstein**   Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAWK VALLEY, INC., a Pennsylvania corporation, individually and as the representative of a class of similarly situated persons,<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ELAINE G. TAYLOR and ENVIRONMENTAL PROCESS SYSTEMS, INC. and JOHN DOES 1-10<br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　No.<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT

Plaintiff, HAWK VALLEY, INC., (herein "Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations that pertain to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, ELAINE G. TAYLOR and ENVIRONMENTAL PROCESS SYSTEMS, INC., and JOHN DOES 1-10 (herein "Defendants").

### PRELIMINARY STATEMENT

1.　This case challenges Defendants' policy and practice of faxing unsolicited advertisements.

2.　The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits a person or entity within the United States from sending or having an agent send unsolicited faxed advertisements. The TCPA provides a private right of action for violations and provides statutory damages of $500.00 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax also causes the recipient to waste valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCP A").

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6. Jurisdiction exists under the Class Action Fairness Act 28 U.S.C. 1332 since there is more than $5,000,000.00 in controversy.

7. Venue in this district is proper because Defendants committed a statutory tort in Pennsylvania and within this judicial district.

## PARTIES

8. Plaintiff, HAWK VALLEY, INC. is a Pennsylvania corporation.

9. On information and belief, Defendant, ENVIRONMENTAL PROCESS SYSTEMS, INC., is a North Carolina corporation with its principal place of business in Mt. Holly, North Carolina. On information and belief, Defendant, ELAINE G. TAYLOR is a shareholder, officer and director of ENVIRONMENTAL PROCESS SYSTEMS, INC.

On information and belief, ELAINE G. TAYLOR approved, authorized and participated in the scheme to broadcast advertisements by facsimile by (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the advertisements by fax; (c) creating and approving the form of advertisements to be sent; (d) determining the number and frequency of the facsimile transmissions; and (e) approving or paying the employees or third parties to send the advertisements by facsimile transmission.

Defendant JOHN DOES 1-10 are other responsible parties who will be identified through discovery.

## FACTS

10. On or about June 17, 2006, Defendants sent by telephone facsimile machine an unsolicited advertisement to Plaintiff's facsimile machine. A copy of the facsimile is attached hereto and marked as Exhibit A.

11. Defendants did not have Plaintiff's prio r express invitation or permission to send advertisements to Plaintiff's fax machine.

12. On information and belief, Defendants have sent similar unsolicited facsimile advertisements to at least 39 other recipients.

13. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

14.     In accordance with Fed. R. Civ. P. 23, Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons that are holders of telephone numbers to which a facsimile transmission was sent on behalf of Defendants advertising or promoting the goods or services of Defendants at any time between four years prior to the filing of this suit to and including the present (the "Class Period").

Excluded from the Class are Defendants, their officers, directors, employees, agents, and members of the Judiciary.

15.     <u>Commonality [Fed. R. Civ. P. 23(A)(2)]</u>. Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include but are not limited to the following:

(a)     Whether Defendants sent unsolicited fax advertisements;

(b)     Whether Defendants' fa csimiles advertised the commercial availability of property, goods or services;

(c)     The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(d)     Whether Defendants faxed advertisements without first obtaining the recipients' prio r express permission or invitation;

(e)     Whether Defendants sent the faxed advertisements knowingly;

(f)     Whether Defendants violated the provisions of 47 U.S.C. § 227;

(g)     Whether Plaintiff and the other members of the class are entitled to statutory damages; and

(h)     Whether the Court should award trebled damages.

16.     <u>Typicality [Fed. R. Civ. P. 23(a)(3)]</u>.  Plaintiff's claims are typical of the claims of all class members.  Plaintiff received a facsimile sent on behalf of Defendants advertising goods and services of Defendants during the Class Period.  Plaintiff is making the same claims and seeking the same relief for itself and all class members based on the same federal statute.  Defendants have acted the same or in a similar manner with respect to Plaintiff and all the class members.

17.     <u>Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)]</u>.  Plaintiff will fairly and adequately represent and protect the interest of the class.  It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

18.     <u>Need for Consistent Standards and Practical Effect of Adjudication [Fed. R. Civ. P. 23 (b)(1)]</u>.  Class certification is appropriate because the prosecution of individual actions by class members would: (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Defendants, and/or (b) as a practical matter, adjudication of Plaintiff's claims will be dispositive of the interests of class members who are not parties.

19.     <u>Common Conduct [Fed. R. Civ. P. 23 (b)(2)]</u>.  Class certification is also appropriate because Defendants have acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate.  Plaintiff demands such relief as authorized by 47 U.S.C. § 227.

20. <u>Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)]</u>. Common questions of law and fact predominate and a class action is superior to other methods of adjudication.

(a) Proof of the claims of Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

(b) Evidence regarding defenses or any exceptions to liability that Defendants may assert and prove will come form Defendants' records an d will not require individualized or separate inquires or proceedings;

(c) Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d) The amount likely to be recovered by individual class members does not support protested individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

(e) This case is inherently managed as a class action in that:

(i) Defendants identified persons or entities to receive the fax transmissions, and it is believed that Defendants' computer and business records will enable Plaintiff to readily identify class members and establish liability and damages;

(ii) Liability and damages can be established for Plaintiff and the class with the same common proofs;

(iii) Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

6

(iv) A class action will result in an orderly and expeditious administration of claims, and it will foster economics of time, effort and expense;

(v) A class action will contribute to uniformity of decisions concerning Defendants' practices;

(vi) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

21. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ...." 47 U.S.C. § 227(b)(1).

22. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

23. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

7

24.     The TCPA is a strict liability statute, so Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

25.     Defendants knew or should have known that (a) Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or servi ces, (b) that Plaintiff and the other class members did not have an established business relationship, and (c) that Exhibit A is an advertisement.

26.     Defendants' actions caused damages to  Plaintiff and the other class members. Receiving Defendants' junk faxes caused the  recipients to lose paper and toner consumed in the printing of Defendants' faxes.   Moreover, Defendants' faxes used Pl aintiff's fax machine.  Defendants' f axes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes.  That time otherwise would have been spent on Plaintiff's busines s activities.  Finally, Defendants'  faxes unlawfully interrupted Plaintiff's and the other class me mbers' privacy interests in  being left alone.

27.     Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

WHEREFORE, Plaintiff, HAWK VALLEY, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, ELAINE G. TAYLOR, ENVIRONMENTAL PROCESS SYTEMS, INC. and JOHN DOES 1-10, jointly and severally, as follows:

     A.     That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

     B.     That the court award actual monetary loss from such violations or the sum of $500.00 in damages for each violation whichever is greater; and

     C.     The court enjoin Defendants from additional violations; and

     D.     That the court award costs and such further relief as the court may deem just and proper.

HAWK VALLEY, INC. individually and as the representative of a class of similarly-situated persons

By: _____
Alan C. Milstein
*Sherman, Silverstein, Kohl, Rose & Podolsky*
4300 Haddonfield Road, Suite 311
Pennsauken, NJ  08109

**DATE:**     **February 17, 2010**

OF COUNSEL:

Brian J. Wanca
***Anderson + Wanca***
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847/368-1500

Philip A. Bock
***Bock & Hatch, LLC***
134 North LaSalle Street, Suite 1000
Chicago, IL  60620
Telephone:  312/658-5500

**EXHIBIT A**



# EPSI
## Environmental Process Systems, Inc.
PO Box 596
1124 West Charlotte Ave
Mount Holly, NC 28120

Personal and Confidential for:
NAMEHERE
ADDRESSHERE
CITYHERE, STATEHERE ZIPHERE
Phone: PHONEHERE  Fax: FAXHERE

**Attention: Golf Course Superintendent** ⬅ ⬅ ⬅

## EPSI's Grass Grab-er™

*New way to treat your equipment wash water*

**Use your grass clippings to clean up your wash water for reuse**

### Affordable: Under $9,000.00

**Many satisfied superintendents
(reference list available upon request)**




These pictures show how you use grass clippings as an inline helical filter. By emptying bags (5 minutes required) you effectively have new filter media each day.
Two 45 gallon mobile carts are provided for the final drying stage of the clippings.

### Phone (704) 827-0740    Fax (704) 827-6730

WARNING – We report to the state bar association and file criminal and civil charges against lawyers and others who "Fax Bait" or attempt extortion against sponsors or us. We receive fax numbers and permission to fax from web pages, yellow pages, or businesses themselves. Date and time stamp at top. To STOP receiving faxes, call "Remove" (below.) This message is the property of Macaw, SRL, 46 Match Factory St, Sec 5, Buc, Rom, 050183, 40723294564, which is solely responsible for its contents and destinations. Customer Service (718) 360-1330, ext 232, toll free "Remove" (800) 991-9484, ext 399. WARNING – Although we charge nothing to use the "800" number, your telephone company could charge you $1.00 or more per minute if you use it internationally.

**"Remove" Hotline, (718) 360-0971, ext 233**