IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAWK VALLEY, INC., | ) NO. 5:10-CV-00804-JKG |
| | ) |
| Plaintiff, | ) JUDGE JAMES KNOLL GARDNER |
| | ) |
| v. | ) |
| | ) PLAINTIFF'S MEMORANDUM OF |
| ELAINE G. TAYLOR and | ) LAW IN OPPOSITION TO |
| ENVIRONMENTAL PROCESS SYSTEMS, | ) DEFENDANTS' MOTION TO |
| and JOHN DOES 1-10, | ) DISMISS PURSUANT TO FED. |
| | ) R. CIV. PROC. 12(b)(6) |
| Defendants. | ) |

Plaintiff Hawk Valley, Inc., through its undersigned counsel, submits its Memorandum of Law in Opposition to Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6).

I.  **INTRODUCTION**

Plaintiff has filed a Class Action Complaint alleging that Defendants violated a federal statute, the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by faxing unsolicited advertising material to Plaintiff and numerous other persons. The fax in question was sent to Plaintiff on June 17, 2006, and the Complaint was filed on February 24, 2010. Defendants ask this Court to dismiss Plaintiff's Complaint with prejudice. According to Defendants, Plaintiff's claims are barred by the Pennsylvania two-year statute of limitations applicable to invasion of privacy claims, 42 Pa. C.S. § 5524. In support, Defendants cite only a single trial level opinion from the Common Pleas Court of Lackawanna County, Pennsylvania, *Weitzner v. Vaccess America, Inc.*, 2008 Pa. Dist. & Cnty. Dec. LEXIS 93 (June 27, 2008) (attached to Defendants' Memorandum of Law as Exhibit A). As will be shown below, however, the overwhelming weight of authority holds that 28 U.S.C. § 1658(a), the federal four-year "catchall" statute of limitations applies to TCPA claims. Accordingly, Defendants' motion should be denied.

## II. ARGUMENT

### Plaintiff's Claim Is Not Barred By the State Statute of Limitations Because the Federal Four Year Statute of Limitations Applies to TCPA Claims.

Pursuant to 28 U.S.C. §1658(a), "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." Despite the fact that on its face, §1658(a) applies to the TCPA, Defendants argue that Plaintiff fails to state a claim for relief by virtue of the Pennsylvania two-year statute of limitations. Defendant is incorrect; the federal 4-year statute of limitations set forth in 28 U.S.C. §1658 applies to TCPA claims.

Defendant argues that because there is no federal question jurisdiction over TCPA claims,[1] and such claims may only be brought in state court, the applicable state statute of limitations must be applied. Defendants devote a substantial portion of their brief to the issue of whether state courts have exclusive jurisdiction of TCPA claims, even though this Court unquestionably has diversity jurisdiction. Plaintiff will not respond to these arguments, which are irrelevant to the statute of limitations argument, other than to point out that in a well-reasoned opinion, the Seventh Circuit Court of Appeals reached the opposite conclusion. *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005) (state courts do not have exclusive jurisdiction over TCPA claims). *See also, G.M. Sign, Inc. v. Franklin Bank, S.S.B.,* 2006 WL 1132386 *3 (N.D. Ill. Apr. 19, 2006); *Hamilton v. United Health Group,* 2008 WL 4425958 *2 (S.D. Ohio Sep. 22, 2008).

In support of its assertion that the state two-year statute of limitations applies, Defendants rely solely on Pennsylvania trial court decision, *Weitzner v. Vaccess America, Inc.,* 2008 Pa. Dist. & Cnty. Dec. LEXIS 93, *37-38 (Jun. 27, 2008), finding that the Pennsylvania two year statute of limitations for the tort of invasion of privacy should apply to TCPA claims. *Weitzner* is wrongly

---

[1] Defendants concede that TCPA claims may be brought in federal court pursuant to the Court's diversity jurisdiction.

decided and should not be followed. Whether or not states may refuse to consider TCPA claims, the TCPA is a federal statute, and the federal 4-year statute of limitations applies.

The TCPA does not contain its own statute of limitations. Therefore, the applicable statute of limitations must be found elsewhere. The problem of what statute of limitations to apply in such cases, where federal statutes do not contain their own limitations provisions, was recognized by Congress in the late 1980's, after the United States Supreme Court's holding in *Goodman v. Lukens Steel Co.*, 482 U.S. 656 (1987), that in such cases federal courts should apply the "most analogous" state statute of limitations. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377 (2004). The *Goodman* opinion led to a great deal of confusion, and extensive litigation over what statute of limitations to apply to various federal statutory causes of action. *Id.* To address the problem, Congress passed 28 U.S.C. §1658, a 4-year statute of limitations for actions arising under federal statutes enacted after December 1, 1990 that do not contain a statute of limitations. Section 1658 was plainly intended to address the void in federal law and the holding in *Goodman v. Lukens Steel Co.* that had spawned a vast amount of litigation. *Sentry Corp. v. Harris,* 802 F.2d 229, 246 (7th Cir. 1986).

The House Report accompanying the final bill that became §1658 confirms that Congress was keenly aware of the problems associated with the practice of borrowing "the most analogous" state statute of limitations, and shows that a central purpose of §1658 was to minimize the practice. *Jones, supra,* at 379-80. A few years later, the Supreme Court described §1658 as "a general, 4-year limitations period for any federal statute subsequently enacted without one of its own." *North Star Steel Co. v. Thomas,* 515 U.S. 29, 34 (1995). A federal statutory cause of action is governed by §1658 if the plaintiff's claim against the defendant was made possible by a post-1990 enactment that does not contain a statute of limitations. *Jones v. R.R. Donnelley & Sons Co.,* 541

U.S. at 382. That clearly describes the TCPA, which was enacted in 1991 and does not contain its own statute of limitations.

Many federal courts have reached the same conclusion. In *Benedia v. Super Fair Cellular, Inc.,* 2007 WL 2903175 (N.D. Ill. 2007), for example, the defendant argued that Illinois' 2-year statute of limitations for statutory penalties should apply. The Court disagreed, finding that "absent an express statute of limitations, or a clear direction to consult state law, §1658 controls." *Id.* at *2. The Court pointed out that otherwise a TCPA claim could be shoehorned into a variety of different types of state law claims for purposes of picking a limitations period. *Id.* *2. That problem is illustrated by the *Weitzner* opinion, which relied on two cases from a Texas intermediate appellate court. *The Chair King, Inc. v. GTE Mobilnet of Houston, Inc.,* 135 S.W. 3d 365, 390-91 (Tex. App. 2004), rev'd on other grounds, 184 S.W.3d 70 (Texas 2006), and *David L. Smith and Associates, LLP v. Advanced Placement Team, Inc.,* 169 S.W. 3d 816-822-23 (Texas App. 2005). The Texas cases held that the most analogous state law claim in Texas is trespass, which has a two year statute of limitations. *Weitzner,* in contrast, held that in Pennsylvania, the most analogous state law claim is invasion of privacy. To make matters even more confusing, a Nevada Court held that the most analogous state law claim to the TCPA is a claim for statutory penalty. *Edwards v. Emperor's Garden Restaurant,* 122 Nev. 317, 327-28 (2006). It is just this sort of conflict that §1658 was meant to prevent.

A number of other courts have agreed with the analysis of *Benedia* and reached the same conclusion. In *Sznyter v. Malone,* 155 Cal. App. 4th 1152, 66 Cal. Rptr. 3d 633 (2007), for example, after exhaustively reviewing both state and federal law, the California Court of Appeals held that §1658 should apply to TCPA claims, because the language of the TCPA is too general to

4

constitute a state limitations rule that would make it unnecessary or inappropriate to apply the federal catchall statute. The Court explained that:

> It is not dispositive that the merits of such federal claims may properly be adjudicated in state courts, since state courts may enforce federal law by utilizing state procedures and limitations rules, but only where *"it is not inconsistent with federal law or policy to do so."*

The Court also pointed out that:

> The policy of promoting uniformity in enforcing a federally created right of action, ... points toward using the federal statutory limitations period, since the language of [the TCPA] does not sufficiently indicate otherwise. In this context, a choice of limitations rules has substantive implications, as a right of action could otherwise be lost due to the ambiguity of the statute.

155 Cal. App. 4th at 1167-68, 66 Cal. Rptr. at 643-44.

The Court of Special Appeals of Maryland has also held that §1658 is the applicable statute of limitations for a TCPA claim, rather than the state's three-year general civil limitations period. *Worsham v. Fairfield Resorts, Inc.,* 188 Md. App. 42, 981 A.2d 24 (2009). After reviewing relevant case law, the Court concluded that "clearly, the right to pursue a private cause of action for a violation of the TCPA ... falls within the scope of coverage of 28 U.S.C. §1658's 4-year statute of limitations...." Noting that the first clause of §1658(a) provides an exception to the 4-year statute of limitations if "otherwise provided by law," the Court could "see nothing in the legislative history of either the TCPA or 28 U.S.C. §1658 that supports a rational conclusion that Congress intended for a different statute of limitations to apply to private causes of action pursued under 47 U.S.C. §227(b)(3)." According to the Court:

> The TCPA was enacted just a few months after Congress adopted a provision that was supposed to provide a uniform statute of limitations for all subsequently enabled federal causes of action. It seems highly unlikely that, when Congress enacted the TCPA in 1991, it intended to engender more of the same problems that were caused by borrowing state limitations provisions prior to the 1990 enactment of 28 U.S.C. §1658.

*Worsham v. Fairfield Resorts, Inc.*, 188 Md. App. 42, 55-56, 981 A.2d at 33.

The Maryland Court recognized a split of authority on the question, noting that "by resort to linguistic contortions," some courts have concluded that §1658 does not apply for various reasons. *Id.* It rejected the contrary holdings of *Edwards v. Emperor's Garden Restaurant*, 122 Nev. 317, 327 (2006), and *David L. Smith & Associates, LLP v. Advanced Placement Team, Inc.*, 169 S.W.2d 816 (Tex. App.-Dallas 2005), as poorly reasoned. Other Courts have also applied §1658 to TCPA claims. *See, Zelma v. Konikow*, 879 A.2d 1185, 1189 (N.J. App. 2005) (federal 4-year statute of limitations applies). *See also, CE Design v. Beaty Construction, Inc.*, 2009 WL 192481 *6 (N.D. Ill. 2009) (the statute of limitations under the TCPA is four years).

Moreover, the rule on which *Weitzner* relied is no longer good law in light of *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 130 S.Ct. 1431 (Mar. 31, 2010). In *Weitzner*, the Court's conclusion that the state statute of limitations should apply was based, in part, on the fact that the plaintiff there was a citizen of New York, and that "New York state has a statutory bar on TCPA-type class actions. See N.Y. C.P.L.R. §901(b)." *Id.* at *15. In *Shady Grove*, however, the United States Supreme Court held that application of this same New York rule conflicts with Fed. R. Civ. Proc. 23 and therefore violates the Supremacy Clause. According to the Court, a state rule of procedure could not be applied to bar a class action in federal court, where federal jurisdiction was based on diversity of citizenship. In other words, *federal* procedural law (in that case Fed. R. Civ. Proc. 23) applies to class actions in federal court.

Earlier Supreme Court opinions have also held that state rules of procedure that conflict with federal procedural rules covering the same subject violate the Supreme Clause and may not be applied. *Howlett v. Rose,* 496 U.S. 356, 372 (1990) (Florida law barring certain §1983 claims violated the Supremacy Clause, because States may apply their own neutral procedural rules to

federal claims only in very limited circumstances, and a statute of limitations is not considered such a neutral rule); *Felder v. Casey,* 487 U.S. 131 (1988) (Wisconsin law shortening time for plaintiff to file §1983 claim in state court was pre-empted by Supremacy Clause, because Wisconsin law conflicted with federal statute's remedial objections and enforcement would frequently and predictably produce different outcomes based solely based on whether the claim was asserted in state or federal court). Pennsylvania has historically treated the question of which statute of limitations applies not as a matter of substantive law but as a matter of procedural law. *Wilson v. Transport Co.,* 889 A.2d 563, 571 (Pa. Super. 2005), *citing, Unisys Finance Corp. v. N.S. Vision, Inc.,* 428 Pa. Super. 107, 630 A.2d 55 (1993), *appeal denied,* 538 Pa. 615, 645 A.2d 1318 (1994). It is clear that the federal rather than the state statute of limitations must be applied.

Defendant emphasizes the introductory language of the TCPA, which provides for a private right of action "if otherwise permitted by the laws or rules of court of a State,...." Based on this language, Defendant suggests that state common law, including limitations periods, governs TCPA claims. Once again, Defendant is incorrect. The "if otherwise permitted" language was included in the TCPA to ensure that the statute would not be vulnerable to constitutional attack, because Congress cannot dictate to the states how they should organize and run their courts. See *R.A. Ponte Architects, Ltd. v. Investors' Alert, Inc., et al.,* 382 Md. 689, 709 (Md. App. 2004), *citing,* 137 Cong. Rec. 30821 ("The bill does not, because of constitutional constraints, dictate to the States which court in each State shall be the proper venue for such an action, as this is a matter for State legislators to determine.") The purpose of this language was to allow states to provide their own venue provisions for TCPA claims. It was not intended to allow states to refuse to hear such claims or to create an exclusion from the federal 4-year statute of limitations. *Id.*

### III. CONCLUSION

The federal four-year statute of limitations applies. Accordingly, Defendants' Motion to Dismiss should be denied because Plaintiff's Class Action was timely filed.

Dated: July 8, 2010

Respectfully submitted,

*Sherman, Silverstein, Kohl, Rose & Podolsky*

By: _____
Alan C. Milstein
Matthew Podolnick
4300 Haddonfield Road, Suite 311
Pennsauken, NJ 08109
(856) 661-2074
Attorneys for Plaintiff HAWK VALLEY, INC.
individually and as the representative of a class of
similarly-situated persons

Brian J. Wanca
Deborah S. Bussert
**Anderson + Wanca**
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500

Philip A. Bock
**Bock & Hatch, LLC**
134 North LaSalle Street, Suite 1000
Chicago, IL 60620
Telephone: 312/658-5500
Additional counsel for Plaintiff