```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HAWK VALLEY, INC.                   )
                                    )   Civil Action
            Plaintiff               )   No. 10-cv-804
                                    )
       vs.                          )
                                    )
ELAINE G. TAYLOR;                   )
ENVIRONMENTAL PROCESS SYSTEMS,      )
   INC.; and,                       )
JOHN DOES 1-10                      )
                                    )
            Defendants              )


                       *   *   *

APPEARANCES:

       ALAN C. MILSTEIN, ESQUIRE
            On behalf of Plaintiff

       JOHN J. HAGGERTY, ESQUIRE
       STEPHANIE B. FINEMAN, ESQUIRE
            On behalf of Defendants

                       *   *   *
```

O P I N I O N

JAMES KNOLL GARDNER,
United States District Judge

The matter before the court is Defendants, Elaine G. Taylor and Environmental Process Systems, Inc.'s Motion to Dismiss Plaintiff's Complaint With Prejudice Pursuant to Fed.R.Civ.P. 12(b)(6), which motion was filed June 17, 2010.[1] Although defendants did not raise lack of subject matter

---

[1] On July 8, 2010 plaintiff filed Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.Proc. 12(b)(6). On September 14, 2010 defendants filed Defendants, Elaine G. Taylor and Environmental Process Systems, Inc.'s Reply Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Complaint With Prejudice Pursuant to Fed.R.Civ.P. 12(b)(6).

jurisdiction as a basis for dismissal, it appears that plaintiff's Class Action Complaint fails to establish that this court has jurisdiction over the subject matter of this case.

Accordingly, for the following reasons I direct plaintiff to file an amended complaint on or before April 1, 2011 for the limited purpose of pleading the grounds upon which this court's jurisdiction depends. I therefore also dismiss defendants' motion to dismiss without prejudice to re-file it if appropriate in the event that plaintiff files an amended complaint by April 1, 2011 establishing subject matter jurisdiction.

Plaintiff initiated this action by filing a Class Action Complaint ("Complaint") on February 24, 2010, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA prohibits a person or entity within the United States from sending unsolicited fax advertisements. 47 U.S.C. § 227(b)(1)(C). Plaintiff alleges that on or about June 17, 2006, defendants sent a one-page unsolicited advertisement to plaintiff's facsimile machine, and that "on information and belief, Defendants have sent similar unsolicited facsimile advertisements to at least 39 other recipients."[2]

The TCPA establishes a private right of action for violations. Section 227(b)(3) provides:

---

[2] Complaint, ¶¶ 10, 12.

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--
>
>> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>>
>> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>>
>> (C) both such actions.

47 U.S.C. § 227(b)(3). Treble damages may be awarded if the court finds that the defendant willfully or knowingly violated the TCPA. Id.

In section II of the Civil Cover Sheet submitted with plaintiff's Complaint, plaintiff marked the checkbox indicating that the basis of this court's jurisdiction is "Federal Question". However, the Complaint itself avers that "[j]urisdiction exists under the Class Action Fairness Act, 28 U.S.C. § 1332," referring to the special requirements for establishing jurisdiction over certain class actions based on diversity of citizenship.[3]

The United States Court of Appeals for the Third Circuit has held that private actions under the TCPA may not be brought in federal court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. See ErieNet, Inc. v.

---

[3] Complaint, ¶ 6.

Velocity Net, Inc., 156 F.3d 513, 517, 519 (3d. Cir. 1998). However, this does not preclude a federal court from hearing TCPA cases brought on the basis of diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Bell v. Money Resource Corp., 2009 U.S.Dist.LEXIS 11271, *6-8 (E.D.Pa. Feb. 13, 2009)(Kauffman, J.).

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corporation v. Friend, __ U.S. __, 130 S.Ct. 1181, 1193, 175 L.Ed.2d 1029, 1042 (2010). See Liberty Mutual Insurance Company v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995), which interprets 28 U.S.C. § 1447(c) as a statute which "compels a district court to address the question of jurisdiction even if the parties do not raise the issue."

Subject matter jurisdiction is non-waivable. See Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 76-77 (3d Cir. 2003). Plaintiff, as the party asserting jurisdiction "bears the burden of showing that the case is properly before the court at all stages of the litigation." Id.

In this case, plaintiff's Complaint alleges that subject matter jurisdiction is based on diversity of citizenship pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). CAFA provides that federal courts have jurisdiction over class actions where three requirements are met:

> (1) the amount in controversy exceeds
>     $ 5,000,000.00 in the aggregate, § 1332(d)(2)
>     & (6);
>
> (2) any class member and any defendant are
>     citizens of different states,
>     § 1332(d)(2)(A); and
>
> (3) there are at least 100 members in the
>     putative class, § 1332(d)(5)(B).

<u>Kauffman v. Allstate N.J. Insurance Co.</u>, 561 F.3d 144, 149 (3d. Cir. 2009).

For the reasons below, I find that plaintiff's Complaint does not sufficiently establish any of the three requirements for diversity jurisdiction under CAFA. Accordingly, plaintiff has not established that this court has subject matter jurisdiction over this case.

First, plaintiff has not established that the amount in controversy exceeds $5,000,000.00 in the aggregate. "The complaint must allege facts sufficient to determine whether the jurisdictional amount has been satisfied and not plead an amount solely to obtain federal court jurisdiction." <u>Rosenberg v. Avis Rent A Car System, Inc.</u>, 2007 U.S.Dist.LEXIS 55219, *5 (E.D.Pa. July 31, 2007)(Restrepo, J.).

Here, the Complaint alleges generally that "there is more than $5,000,000.00 in controversy."[4] Plaintiff purports to bring this class action on behalf of the following class of persons:

---

[4] Complaint, ¶ 6.

-5-

> All persons that are the holders of telephone
> numbers to which a facsimile transmission was sent
> on behalf of Defendants advertising or promoting
> the goods or services of Defendants at any time
> between four years prior to the filing of this
> suit to and including the present (the "Class
> Period").[5]

The Complaint also alleges that in addition to the unsolicited facsimile advertisement sent to plaintiff Hawk Valley, Inc. on June 17, 2006, "[d]efendants have sent similar unsolicited facsimile advertisements to at least 39 other recipients."[6] The Complaint further alleges that defendants' actions damaged plaintiff and other class members by consuming paper and toner used in printing the faxes, using the recipients' fax machines, costing plaintiff and its employees time spent receiving, reviewing, and routing the faxes, and interrupting the recipients' privacy interests.[7] Finally, the Complaint seeks, as pertinent here, an award of "actual monetary loss" or "$500.00 in damages for each violation [as provided for in the TCPA, 47 U.S.C. § 227(b)(3)(B)] whichever is greater."[8]

Based on the above allegations, I cannot conclude that the amount in controversy exceeds $5,000,000.00. The Complaint gives no estimate of what dollar amount of actual monetary loss

---

[5] Complaint, ¶ 14.

[6] Complaint, ¶¶ 10, 12.

[7] Complaint, ¶ 26.

[8] Complaint, p. 9, ¶ B.

plaintiff and other class members may have suffered from receipt of defendant's faxes. Regarding the statutory damages allowable under § 227(b)(3)(B), plaintiff's number of alleged violations, multiplied by $500.00 per violation, falls far short of $5,000,000.00.

As discussed above, plaintiff alleges that it and "at least 39 other recipients" received defendants' unsolicited faxes.[9] The Complaint states that plaintiff received one such fax on June 17, 2006, but does not allege whether the other 39 recipients also received just one fax or multiple faxes (which would constitute multiple violations of the TCPA). If plaintiff and each of the other 39 recipients received one fax, this would be 40 violations which would, in the aggregate, be only $20,000.00 in damages. Even if the court were to award treble damages of $1500.00 per violation, as it may under § 227(b)(3) if the violations were willful or knowing, this would be only $60,000.00 in damages.

I note that the Complaint does allege "at least" 39 other recipients, indicating a possibility that plaintiff could show enough potential violations of the TCPA to reach the jurisdictional threshold of more than $5,000,000.00. However, the allegations as stated in the Complaint fall far short of showing that the amount in controversy exceeds $5,000,000.00.

---

[9] Complaint, ¶¶ 10, 12.

Using the measure of $500.00 per violation, plaintiff would need to allege at least 10,001 violations of the TCPA in order to exceed $5,000,000.00 in damages. Even using the treble damages measure of $1500.00 per violation, plaintiff would need to allege at least 3,334 violations.

The Complaint provides no other numerical estimate or other allegation from which I may infer that the amount in controversy is met. See, e.g., Clean Air Council v. Dragon International Group, 2006 U.S.Dist.LEXIS 52292, *7-8 (M.D.Pa. July 28, 2006)(Caldwell, J.), in which the Court found that the amount in controversy could be estimated based in part on plaintiff's allegation in the complaint that unsolicited faxes were "sent to tens of thousands of recipients." Accordingly, I am unable to conclude that the amount in controversy exceeds $5,000,000.00.

For similar reasons, plaintiff has not established that there are at least 100 members in the putative class. Specifically, as discussed above, plaintiff's Complaint alleges that plaintiff and "at least 39 other recipients" received the unsolicited faxes[10], but provides no other numerical estimate relating to number of class members.

Plaintiff's general description of the class as including "all persons" who received unsolicited faxes from

---

[10] Complaint, ¶ 12.

defendants over a four-year period[11] is insufficient to allow me to conclude that the class size includes more than 100 members. See, e.g., Clean Air Council, 2006 U.S.Dist.LEXIS at *10, in which an "allegation about tens of thousands receiving the unsolicited faxes...easily supports the inference of a class size [of more than 100 members]."

Finally, plaintiff has not established that any class member and any defendant are citizens of different states. According to the Complaint, plaintiff Hawk Valley, Inc. and defendant Environmental Process Systems, Inc. are both corporations. The Complaint also names an individual defendant, Elaine G. Taylor.

For purposes of pleading diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which is has been incorporated and of the State where it has its principal place of business". 28 U.S.C. § 1332(c)(1). Thus, "a party must allege a corporation's state of incorporation and principal place of business." Randazzo v. Eagle-Picher Industries, Inc., 117 F.R.D. 557, 558 (E.D.Pa. 1987) (Lord, S.J.) (emphasis in original); see S. Freedman and Company, Inc. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006).

A corporation can only have one principal place of business. Lasch v. Idearc Media Corporation, 2007 WL 4302815,

---

[11] Complaint, ¶ 14.

at *2 (E.D.Pa. Dec. 7, 2007)(Surrick, J.)(citing Campbell v. Associated Press, 223 F.Supp.151, 153-154 (E.D.Pa. 1963)(Clary, C.J.); see also Flickinger v. Toys R Us, Inc., 2010 WL 4062815, at *1 (M.D.Pa. Jan. 27, 2010)(Caputo, J.)(citing Campbell, supra).

Initially, I note that plaintiff correctly pleads both the state of incorporation (North Carolina) and the principal place of business (North Carolina) of defendant Environmental Process Systems, Inc.[12] Regarding plaintiff Hawk Valley Inc., the Complaint avers only that "Hawk Valley Inc. is a Pennsylvania corporation."[13] Plaintiff fails to allege in which state Hawk Valley, Inc. maintains its principal place of business. This leaves open the possibility that plaintiff has its principal place of business in a non-diverse state. See Raab, 180 Fed.Appx. at 320.

When pleading diversity jurisdiction for individual parties, plaintiff ordinarily must plead more than an individual party's mere residence; the Complaint must plead each party's citizenship. 28 U.S.C. § 1332(a)(1); Baker v. Home Depot #4101, 2009 WL 3540999, at *1 n.1 (E.D.Pa. Oct. 29, 2009) (O'Neill, S.J.). See also McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006). An individual's citizenship is

---

[12] Complaint, ¶ 9.

[13] Complaint, ¶ 8.

synonymous with his domicile, which is the individual's "true, fixed and permanent home and place of habitation". Id.

Here, the Complaint avers that defendant Elaine G. Taylor "is a shareholder, officer, and director of [defendant] Environmental Process Systems, Inc."[14] The Complaint does not allege defendant Taylor's state of citizenship. This leaves open the possibility that defendant Taylor may be a citizen of a non-diverse state.

Accordingly, because plaintiff has not adequately pled its own citizenship or the citizenship of defendant Taylor, I am unable to conclude that diversity of citizenship exists under CAFA.

For the reasons discussed above, plaintiff's Complaint fails to establish that this action meets the requirements for this Court's subject matter jurisdiction pursuant to the Class Action Fairness Act. See 28 U.S.C. § 1332(d); Kauffman, 561 F.3d at 149. Because I am compelled to address the question of jurisdiction even in the absence of objection, I am providing plaintiff with an opportunity to re-plead the grounds for this court's jurisdiction. See Raab, 180 Fed.Appx. at 321.

Accordingly, by the accompanying Order I direct that plaintiff shall have until April 1, 2011 to file an amended complaint for the limited purpose of pleading the grounds upon

---

[14] Complaint, ¶ 9.

which this court's jurisdiction depends.  Failure to file an amended complaint by April 1, 2011 may result in dismissal of this action for lack of subject matter jurisdiction.

Because I have directed plaintiffs to file an amended complaint, I also dismiss defendants' motion to dismiss without prejudice to re-file it if appropriate in the event that plaintiff files an amended complaint by April 1, 2011 establishing subject matter jurisdiction.