<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

```
HAWK VALLEY, INC.,                    )
Individually and as a Representative  )
of a Class of Similarly Situated      )
Persons,                              )
                                      )
                    Plaintiff         )       Civil Action
                                      )       No. 10-cv-00804
              vs.                     )
                                      )
ELAINE G. TAYLOR,                     )
ENVIRONMENTAL PROCESS SYSTEMS, INC.,  )
and JOHN DOES 1-10,                   )
                                      )
                    Defendants        )
```

                              *      *      *


APPEARANCES:
          BRIAN J. WANCA, ESQUIRE,
          ALAN C. MILSTEIN, ESQUIRE, and
          PHILLIP A. BLOCK, ESQUIRE,
               On behalf of Plaintiff

          JOHN J. HAGGERTY, ESQUIRE, and
          STEPHANIE B. FINEMAN, ESQUIRE,
               On behalf of Defendants

                              *      *      *


                       O P I N I O N

JAMES KNOLL GARDNER,
United States District Judge

          The matter before the court is Defendants, Elaine G.

Taylor and Environmental Process Systems, Inc.'s Motion to

Dismiss Plaintiff's First Amended Complaint with Prejudice

Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), which motion was

filed April 14, 2011.[1]  Plaintiff's Response in Opposition to

---

[1]     Defendants, Elaine G. Taylor and Environmental Process Systems, Inc.'s Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's First Amended Complaint with Prejudice Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) was filed together with defendants' motion.

Defendants' Motion to Dismiss Plaintiff's First Amended Complaint with Prejudice Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) was filed April 28, 2011.[2]

Upon consideration of the parties' moving papers and the First Amended Class Action Complaint filed March 25, 2011 ("Amended Class Complaint")[3], it appears that this court has jurisdiction over the subject matter of this action.  It further appears that the claims asserted in the Amended Class Complaint are not time-barred by the applicable statute of limitations.  For those reasons, as explained below, I deny defendants' motion to dismiss the First Amended Class Action Complaint.

<u>JURIDICTION</u>

Jurisdiction in this case is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331 and upon the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

<u>VENUE</u>

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to plaintiff's claim allegedly occurred in the Borough of Denver, Lancaster County, Pennsylvania, which is within this judicial district.

---

[2]     Defendants' Reply Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's First Amended Complaint with Prejudice Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) was filed May 11, 2011.  Defendants' Notice of Supplemental Authority was filed November 28, 2011.

[3]     The formal title of the document is "First Amended Class Action Complaint".  For ease of reference, I will sometimes also refer to it as "Amended Class Complaint" in this Opinion.

BACKGROUND

Plaintiff initiated this action on February 24, 2010 by filing a Class Action Complaint ("Class Complaint").  By stipulation approved by the court, defendants were required to respond to plaintiff's complaint by June 17, 2010.  On that date defendants moved to dismiss plaintiff's Class Complaint. Plaintiff responded to the motion on July 8, 2010.  Defendants filed a reply brief in support of their motion with the court's permission on September 14, 2010.

On February 25, 2011, I issued an Order and accompanying Opinion filed February 28, 2011, giving plaintiff until April 1, 2011 to plead the grounds upon which this court's jurisdiction depends, and dismissing defendants' motion to dismiss without prejudice to refile it, if appropriate, if plaintiff filed an Amended Complaint by April 1, 2011 establishing subject matter jurisdiction.

As explained in that Opinion, plaintiff's Class Complaint asserted jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), but failed to plead facts sufficient to establish this court's jurisdiction under the CAFA. In that Opinion, I also noted that binding precedent from the United States Court of Appeals for the Third Circuit in ErieNet, Inc. v. Velocity Net, Inc., 156 F.3d 513, 517-519 (3d Cir. 1998), established that private Telephone Consumer Protection Act

("TCPA") claims did not create federal-question jurisdiction with this court pursuant to 28 U.S.C. § 1331.

On March 25, 2011, plaintiff filed its First Amended Class Action Complaint.  The Amended Class Complaint, like the original Class Complaint, alleges that defendants violated the TCPA, 47 U.S.C. § 227.  The TCPA prohibits, among other things, a person or entity within the United States from sending unsolicited fax advertisements.  47 U.S.C. § 227(b)(1)(C).

Plaintiff alleges that on June 17, 2006, defendants sent a one-page unsolicited advertisement to plaintiff's fax machine, and that "on information and belief, on or about June 17, 2006, Defendants sent the same or similar unsolicited facsimile advertisements to 4,521 other recipients nationwide."[4]

On April 14, 2011, defendants filed the within motion to dismiss plaintiff's First Amended Class Action Complaint.  On April 28, 2011, plaintiff responded to defendant's motion to dismiss the Amended Class Complaint.  Defendants' reply brief was filed on May 11, 2011.  Thus, defendants' motion to dismiss plaintiff's First Amended Class Action Complaint is ripe for disposition.

---

[4]     First Amended Class Action Complaint at ¶¶ 13-14.

STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides, in pertinent part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion: (1) lack of subject matter jurisdiction....

Pursuant to Rule 12(b)(1), a party may assert either a facial or factual challenge concerning whether the District Court properly has subject matter jurisdiction over the matter.  Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).  A challenge to a complaint for failure to allege subject matter jurisdiction is known as a "facial" challenge.

When a motion presents a facial challenge to the court's subject matter jurisdiction, the court must treat the allegations of the complaint as true and draw all inferences favorable to the plaintiff.  NE Hub Partners, L.P. v. CNG Transmission Corporation, 239 F.3d 333, 342 (3d Cir. 2001); see also Fed.R.Civ.P. 8(f).

Dismissal pursuant to a facial challenge under Rule 12(b)(1) is proper only where the court concludes that the claims clearly appear to be immaterial and made solely for the purpose of obtaining jurisdiction, or are wholly insubstantial and frivolous.  In other words, the claims must be "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve

a federal controversy." Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408-1409 (3d Cir. 1991) (internal citations omitted).

Because a court need not find a claim wholly frivolous or insubstantial in order to dismiss it under Rule 12(b)(6), the threshold to withstand a Rule 12(b)(1) motion to dismiss is significantly lower than that under Rule 12(b)(6). Kehr Packages, Inc., 926 F.2d at 1409 (citing Lunderstadt v. Colafella, 885 F.2d 66, 70 (3d Cir. 1989)). However, this lower threshold does not relieve plaintiff (as the party invoking jurisdiction) of its burden to demonstrate that this action is properly in federal court. Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004).

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted". A 12(b)(6) motion requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Ordinarily, a court's review of a motion to dismiss is limited to the contents of the complaint, including any attached exhibits. See Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with

Rule 8(a)(2).  That rule requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  <u>Twombly</u>, 550 U.S. at 555, 127 S.Ct. at 1964, 167 L.Ed.2d at 940.

Additionally, in determining the sufficiency of a complaint, the court must accept as true all well-pled factual allegations and draw all reasonable inferences therefrom in the light most favorable to the non-moving party.  <u>Worldcom, Inc. v. Graphnet, Inc.</u>, 343 F.3d 651, 653 (3d Cir. 2003).  Nevertheless, a court need not credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss.  <u>In re Burlington Coat Factory Securities Litigation</u>, 114 F.3d 1410, 1429-1430 (3d Cir. 1997).

In considering whether the complaint survives a motion to dismiss, both the district court and the Court of Appeals review whether it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."  <u>Twombly</u>, 550 U.S. at 562, 127 S.Ct. at 1969, 167 L.Ed.2d at 944 (quoting <u>Car Carriers, Inc. v. Ford Motor Company</u>, 745 F.2d 1101, 1106 (7th Cir. 1984) (emphasis in original).

CONTENTIONS OF THE PARTIES

Contentions of Defendants

Defendants contend that plaintiff's First Amended Class Complaint should be dismissed with prejudice for two reasons.

First, defendants contend that the Amended Class Complaint fails to establish this court's subject matter jurisdiction under the CAFA, 28 U.S.C. § 1332(d), because the number of class members alleged and the treble damages claimed in the Amended Class Complaint are frivolous and were made solely for the purpose of obtaining jurisdiction.[5]

Second, defendants contend that because the First Amended Class Action Complaint alleges that defendants sent the unsolicited faxes on June 17, 2006, any TCPA claim based on a fax sent on that date is time-barred by Pennsylvania's two-year statute of limitations on invasion of privacy torts, which defendants contend is applicable to plaintiff's private TCPA claim.[6]

Contentions of Plaintiff

Plaintiff objects to both of defendants arguments in support of dismissal of the First Amended Class Action Complaint. First, plaintiff contends that the averments in the Amended Class Complaint, taken as true for the purposes of this motion, satisfy the jurisdictional requirements under the CAFA. Specifically,

---

[5]   See Defendants' Memorandum at pages 7-13.

[6]   See id. at pages 13-15.

plaintiff contends that a putative class of 4,521 fax recipients and potential liability to the class of $6,781,500 satisfies the CAFA jurisdictional requirement upon which defendant's base their motion to dismiss.[7]

Second, plaintiff contends that the federal four-year "catch-all" limitations period codified at 28 U.S.C. § 1658, and not Pennsylvania's two-year statute of limitations for privacy torts, applies to private TCPA claims.[8]  Plaintiff contends that the Complaint was timely under that four-year limitations period.

<u>DISCUSSION</u>

For the reasons expressed below, I deny defendants' motion to dismiss plaintiff's First Amended Class Action Complaint.

<u>CAFA Jurisdictional Threshold</u>

As noted in the Standard of Review section, above, a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure may present either a "facial" or a "factual" challenge to this court's subject matter jurisdiction.  <u>Church of the Universal Brotherhood v. Farming Township Supervisors</u>, 296 Fed.Appx. 285, 288 (3d Cir. 2008).   Here, defendants asserts

---

[7]     <u>See</u> Plaintiff's Response at pages 2-6.  Each knowing violation of the TCPA carries statutory treble damages of $1,500.  47 U.S.C. § 227(b)(1)(C) and § 227(c).  Thus, alleging 4,521 knowing violations of the TCPA amounts to potential liability of $6,781,500.

[8]     <u>See</u> Plaintiff's Response at pages 7-14.

that they present a facial challenge to the sufficiency of the pleadings.[9]

In resolving a facial challenge made under Rule 12(b)(1), I must consider "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." Gould Electronics, Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2002). Plaintiff contends that this court has subject-matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA").

The CAFA provides federal courts with jurisdiction over class actions where three requirements are met: (1) the amount in controversy exceeds $5,000,000 in the aggregate, 28 U.S.C. § 1332(d)(2),(6); (2) any class member and any defendant are citizens of different states, § 1332(d)(2)(A); and (3) there are at least 100 members in the putative class, § 1332(d)(5)(B). As explained below, the allegations in plaintiff's Amended Class Complaint satisfy the CAFA's jurisdictional requirements.

The First Amended Class Action Complaint avers that Hawk Valley, Inc. is a corporate citizen of Pennsylvania based upon both its averred state of incorporation and its principal place of business.[10] The Amended Class Complaint alleges that defendant Elaine G. Taylor is an individual citizen of North Carolina, and that defendant Environmental Process Systems, Inc.

---

[9]     Defendants' Memorandum at page 3.

[10]     First Amended Class Action Complaint at ¶ 8.

is a corporate citizen of North Carolina based upon its averred state of incorporation and its principal place of business.[11] Because plaintiff is a citizen of Pennsylvania and the named defendants are citizens of North Carolina, the CAFA's second requirement is satisfied by the First Amended Class Action Complaint.

Plaintiff avers that on June 17, 2006, defendants faxed an unsolicited advertisement[12] to Hawk Valley, Inc. and 4,521 other recipients.[13]   Taking this averment as true, as I must when considering a motion to dismiss, plaintiff's First Amended Class Action Complaint satisfies the CAFA's third requirement that the putative class include at least 100 members.

Where a plaintiff seeks punitive or treble damages in his complaint, those damages are properly considered by the court in assessing a jurisdictional amount unless it appears, to a legal certainty, that plaintiff is precluded from recovering the claimed punitive or treble damages.  See Professional Cleaning and Innovative Building Services, Inc. v. Kennedy Funding, Inc., 245 Fed.Appx. 161, 163 n.2 (3d Cir. 2007).[14]

---

[11]   First Amended Class Action Complaint at ¶¶ 9-10.

[12]   Exhibit A, First Amended Class Action Complaint.

[13]   First Amended Class Complaint at ¶ 14.

[14]   According to Professors Wright, Miller, and Cooper,

> [i]n attempting to achieve a sound balance that takes into account both concerns of judicial efficiency and the integrity of the judicial process, *the federal courts have*

(Footnote 14 continued):

- 11 -

In the First Amended Class Action Complaint, plaintiff avers that defendants did not have permission from Hawk Valley, Inc. or any of the other 5,421 alleged recipients to send them unsolicited advertisements by fax.[15]   Moreover, the Amended Class Complaint seeks "actual monetary loss" caused by each violation, $500 for each non-willful violation of the TCPA, or $1,500 for each willful violation of the TCPA, whichever amount is greatest.[16]

Defendants have not demonstrated, nor does it appear to a legal certainty based on plaintiff's averments, that plaintiff or any class members are precluded from recovering the $1,500 statutory treble damages upon proof that defendants willfully violated the TCPA.  With an averred putative class of 5,421 recipient and the possibility of $1,500 statutory treble damages for each, the averments in the First Amended Class Action Complaint satisfy the CAFA's amount-in-controversy requirement.

---

(Continuation of footnote 14):

> *developed a principle that if the defendant (or the district judge) challenges the satisfaction of the jurisdictional amount requirement it will succeed only if it is shown that there is a legal certainty that the amount in controversy cannot be recovered.* This has become the universal test in the context of actions that originate in the federal courts.

14B Charles Alan Wright, et al., Federal Practice and Procedure § 3702 (4th ed.)(emphasis added).

When the court's jurisdiction over the subject matter of an action is challenged, either sua sponte or by motion, the plaintiff, as the party asserting that the court's jurisdiction is proper, bears the burden of "showing that there is no legal certainty that he or she cannot recover the applicable jurisdictional amount."  Id.

[15]   First Amended Class Action Complaint at ¶ 15.

[16]   Id. at page 9.

- 12 -

Defendants seek to require plaintiff to establish, to a legal certainty, that the amount in controversy here exceeds $5,000,000.[17]   Defendants quote the Opinion of United States Magistrate Judge L. Felipe Restrepo in <u>Rosenberg v. Avis Rent A Car Systems, Inc.</u>, 2007 WL 2213642, *2  (E.D.Pa. July 21, 2007) and assert that a "complaint must allege facts sufficient to determine whether the jurisdictional amount has been satisfied and not plead an amount solely to obtain federal court juris-diction",[18] and that "[t]he burden is therefore on the plaintiff to prove to a legal certainty that the amount in controversy exceeds the statutory threshold."[19]

In <u>Rosenberg</u>, Avis Rent A Car, Inc. moved to dismiss Mr. Rosenberg's class complaint based on, among other things, lack of subject matter jurisdiction under the CAFA.  <u>See</u> <u>Rosenberg</u>, 2007 WL 2213642, at *1.  There, Avis and Mr. Rosenberg disputed whether CAFA's $5,000,000 amount in controversy requirement was satisfied.  <u>Id</u>. at *2.

Relying on the Opinion of the United States Court of Appeals for the Third Circuit in <u>Morgan v. Gay</u>, 471 F.3d 469 (3d Cir. 2006), Magistrate Judge Restrepo found that Mr.

---

[17]     Defendants' Memorandum at page 11.

[18]     Defendants' Memorandum of Law at page 10 (<u>quoting</u> <u>Rosenberg</u>, 2007 WL 2213642, *2 (<u>quoting</u> <u>Atuahene v. Sears Mortgage Corporation</u>, 2000 WL 134326, at *4 (E.D.Pa. February 4, 2000) (Newcomer, J.) (<u>citing</u> <u>McNutt v. General Motors Acceptance Corporation</u>, 298 U.S. 178, 226, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)).

[19]     Defendants' Memorandum of Law at page 11 (<u>quoting</u> <u>Rosenberg</u>, 2007 WL 2213642, *2 (<u>citing</u> <u>Morgan v. Gay</u>, 471 F.3d 469, 474 (3d Cir. 2006)).

Rosenberg was required to "prove to a legal certainty that the amount in controversy exceeds the statutory threshold." Rosenberg, 2007 WL 2213642, at *2.  Because he found that Mr. Rosenberg met that burden, Magistrate Judge Restrepo denied Avis's motion to dismiss for lack of subject matter jurisdiction. Id. at *3.

However, after Magistrate Judge Restrepo issued his Opinion in Rosenberg, the United States Court of Appeals for the Third Circuit stated that "Morgan applies where the complaint specifically avers that the amount sought is *less than* the jurisdictional minimum" and that when such an averment is made, "a *defendant seeking removal* must prove to a legal certainty that plaintiff can recover the jurisdictional amount."  Frederico v. Home Depot, 507 F.3d 188, 196-197 (3d Cir. 2007)(emphasis added).

As the Third Circuit clarified in Frederico, if a plaintiff expressly avers that the amount in controversy falls below the applicable federal jurisdictional threshold, then a defendant seeking to remove must prove "to a legal certainty that plaintiff can recover the jurisdictional amount."  Id.  However, if the complaint does not specifically aver that plaintiff seeks an amount below the applicable federal jurisdictional threshold, then the case must be remanded to state court if "it appears to a legal certainty that plaintiff cannot recover the jurisdictional amount."  Id. at 197.

Here, Morgan is inapplicable because plaintiff does not specifically aver that the complaint seeks less than the $5,000,000 jurisdictional threshold under the CAFA, and defendants are not seeking removal to federal court. Instead, the First Amended Class Action Complaint specifically avers that the amount in controversy exceeds $5,000,000 in the aggregate.[20] Therefore, neither Morgan, nor Rosenberg via Morgan, requires plaintiff to prove to a legal certainty that the amount in controversy exceeds $5,000,000 in the aggregate.

Moreover, because plaintiff's First Amended Class Action Complaint avers that defendants sent 5,421 faxes to recipients whom defendants knew had neither sought nor given permission to receive advertisements by fax, and because treble damages of $1,500 are available for knowing or willful violations of the TCPA, it does not appear to a legal certainty that plaintiff and any other class members are precluded from obtaining more than $5,000,000. Therefore, I deny defendants' motion to dismiss pursuant to Rule 12(b)(1) for plaintiff's alleged failure to satisfy the jurisdictional threshold set by the CAFA.

Federal Question Jurisdiction

As discussed previously, plaintiff's Class Complaint and First Amended Class Action Complaint both asserted the Class Action Fairness Act, 28 U.S.C. § 1332(d), as the sole basis for

---

[20]     First Amended Class Action Complaint at ¶¶ 6, 14-15, 30(B).

this court's jurisdiction.[21]   Plaintiff did not assert that this
court could exercise federal question jurisdiction pursuant to
28 U.S.C. § 1331 over its TCPA claims.

As I stated in my February 28, 2011 Opinion, then-
binding precedent from the Third Circuit Court of Appeals in
ErieNet, 156 F.3d at 517-519, blocked Section 1331 as a
jurisdictional avenue available to plaintiffs asserting private
TCPA claims.  See id.  The Third Circuit affirmed its ErieNet
holding in Landsman & Funk PC v. AFGO Mechanical Services, Inc.,
640 F.3d 72, 90 (3d Cir. 2011).

However, subsequent to my February 28, 2011 Opinion in
this matter and the Third Circuit's April 4, 2011 Opinion in
Landsman & Funk, the United States Supreme Court issued a
unanimous Opinion in Mims v. Arrow Financial Services, LLC,
565 U.S. ___,  ___ S.Ct. ___, 2012 WL 125429 (2012), on
January 18, 2012.

In Mims, the Supreme Court held that plaintiffs
asserting private TCPA claims may properly invoke the
jurisdiction of the federal courts pursuant to Section 1331.
Mims, 565 U.S. at ___, ___ S.Ct. at ___, 2012 WL 125429 at *11.
The Court's Opinion in Mims abrogates the Third Circuit's holding
in ErieNet and clearly establishes that private TCPA claims, like
those of plaintiff and the putative class members here, may be

---

[21]   See Class Complaint at ¶ 6; First Amended Class Action Complaint
at ¶ 6.

- 16 -

heard by a federal court exercising its federal question
jurisdiction pursuant to Section 1331.  See id.

        Although plaintiff's First Amended Class Action
Complaint does not advance Section 1331 as an alternative basis
for this court's jurisdiction, Mims, supra, makes clear that
Section 1331 provides another basis for this court to properly
exercise jurisdiction over the private TCPA claims asserted in
the Amended Class Complaint.  Therefore, I deny defendants'
motion to dismiss plaintiff's First Amended Class Action
Complaint for lack of subject matter jurisdiction.

<u>Statute of Limitations</u>

        Defendants contend that state-law statutes of
limitations govern private actions under the TCPA.  Specifically,
defendants contend that Pennsylvania's two-year statute of
limitations for invasion-of-privacy torts applies to the private
TCPA claim in plaintiff's First Amended Class Action Complaint,
and that, applying the two-year statute of limitations, a timely
TCPA claim based on a fax advertisements sent June 17, 2006 would
have to be commenced by June 17, 2008, approximately 20 months
before plaintiff filed the Class Complaint which initiated this
action.[22]

        Plaintiff contends that the federal four-year
"catch-all" limitations period, codified at 28 U.S.C. § 1658,
applies to its TCPA claims and, thus, a claim based upon a fax

_____

[22]    Defendants' Memorandum at pages 13-15.

advertisement sent June 17, 2006 is timely if filed on or before June 17, 2010, as the Class Complaint was in this matter.[23]

For the reasons expressed below, I deny defendants' motion to dismiss plaintiff's TCPA claim as time-barred under Pennsylvania's two-year limitations period for tort actions.[24] Rather, I conclude that plaintiff's TCPA claim is subject to the federal four-year "catch-all" statute of limitations[25] and is, therefore, timely.

Section 1658 provides, in pertinent part, that "*[e]xcept as otherwise provided by law*, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues."  28 U.S.C. § 1658(a) (emphasis added).

In Jones v. R.R. Donnelley & Sons Company, the United States Supreme Court held that "a cause of action arises under an Act of Congress enacted after December 1, 1990--and is therefore governed by § 1658's 4-year statute of limitations--if the plaintiff's claim against the defendant was made possible by a post-1990 enactment."  541 U.S. 369, 382, 124 S.Ct. 1836, 1845, 158 L.Ed.2d 645, 657 (2004).

The unanimous Court stated that the "history that led to the enactment of § 1658 strongly supports an interpretation

---

[23]    Plaintiff's Response at pages 7-14.

[24]    See 55 Pa.C.S.A. § 5524.

[25]    See 28 U.S.C. § 1658.

that fills more rather than less of the void" created by the
absence of a federal catch-all statute of limitations prior to
enactment of Section 1658 and the attendant need for the federal
courts to borrow limitations periods from analogous state law
causes of action.  <u>Jones</u>, 541 U.S. at 380, 124 S.Ct. at 1844,
158 L.Ed.2d at 655.

The TCPA is the sole statute or other authority
pursuant to which plaintiff asserts a claim against defendant in
the First Amended Class Action Complaint.[26]  Plaintiff asserts a
private right of action[27] against defendants for sending an
unsolicited fax advertisement in violation of the TCPA.[28]

---

[26]    See First Amended Class Action Complaint at ¶ 4.

[27]    Section 227(b)(3) provides for a private right of action and
states:

> A person or entity may, if otherwise permitted by the laws
> or rules of court of a State, bring in an appropriate court
> of that State--
>
>> (A) an action based on a violation of this subsection
>> or the regulations prescribed under this subsection to
>> enjoin such violation,
>>
>> (B) an action to recover for actual monetary loss from
>> such a violation, or to receive $500 in damages for
>> each such violation, whichever is greater, or
>>
>> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly
> violated this subsection or the regulations prescribed under
> this subsection, the court may, in its discretion, increase
> the amount of the award to an amount equal to not more than
> 3 times the amount available under subparagraph (B) of this
> paragraph.

47 U.S.C. 227(b)(3)(emphasis added).

[28]    The prohibitions in the TCPA state, among other things, that

(Footnote 28 continued):

- 19 -

Congress enacted the TCPA little more than one year after the four-year limitations period established by Section 1658 became effective.[29]  Therefore, plaintiff's claim was made possible by the enactment of the TCPA, which occurred after December 1, 1990, and therefore, the federal four-year limitations period applies "[e]xcept as otherwise provided by law".  28 U.S.C. § 1658; see Jones, supra.  Accordingly, the critical inquiry here is whether the TCPA provides for the

---

(Continuation of footnote 28):

> *It shall be unlawful* for any person within the United States, or any person outside the United States if the recipient is within the United States...*to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement*, unless--
>
>> (i) the unsolicited advertisement is from a sender with an established business relationship with the recipient;
>>
>> (ii) the sender obtained the number of the telephone facsimile machine through–
>>
>>> (I) the voluntary communication of such number, within the context of such established business relationship, from the recipient of the unsolicited advertisement, or
>>>
>>> (II) a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution,
>>
>> except that this clause shall not apply in the case of an unsolicited advertisement that is sent based on an established business relationship with the recipient that was in existence before July 9, 2005, if the sender possessed the facsimile machine number of the recipient before such date of enactment....

47 U.S.C. § 227(b)(1)(C) (emphasis added).

[29]    On December 20, 1991, Congress enacted the Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 3, 105 Stat. 2394 (codified as amended at 47 U.S.C. § 227)("TCPA").

application of a limitations period other than the one established by Section 1658.

Section 227(b)(3) states that "[a] person or entity may, *if otherwise permitted by the laws or rules of court of a State*, bring in an appropriate court of that State" a claim for violation of the TCPA or federal regulations promulgated pursuant to the TCPA.  47 U.S.C. § 227(b)(3) (emphasis added).

Reading Section 1658 and Section 227(b)(3) together raises the question of whether Section 227(b)(3) directs the application of state statutes of limitations and, thereby, carves out an exception to the federal four-year catch-all limitations period, which would otherwise apply to a civil cause action, such as a private TCPA claim, created by a post-1990 Act of Congress. See Zelma v. Konikow, 879 A.2d 1185, 1186-1187 (N.J.Super.Ct. App.Div. 2005).

There is a split in authority concerning whether or not this clause--"if otherwise permitted by the laws or rules of court of a State"--requires that private TCPA actions be initiated within a limitations period established by state law, or whether Section 1658's four-year limitations period applies to private TCPA actions.[30]

--------

[30]     Some federal and state courts have applied the four-year federal statute of limitations to private TCPA claims.  See Sawyer v. Atlas Heating and Sheet Metal Works, Incorporated, 642 F.3d 560, 560 (7th Cir. 2011) (Easterbrook, J.); Pasco v. Protus IP Solutions, Inc., ___ F.Supp.2d ___, ___, 2011 WL 5965834, at *14 (D.Md. 2011); Bridge v. Ocwen Federal Bank, 669 F.Supp.2d 853, 859 (N.D.Ohio 2009); CE Design v. Beaty Construction, Inc.,

(Footnote 30 continued):

The United States Court of Appeals for the Third Circuit has not directly addressed the issue of which limitations period applies to private TCPA actions.  However, the Third Circuit has addressed the bases for federal court jurisdiction over private actions asserted pursuant to the TCPA.

Specifically, the Third Circuit previously held that federal courts cannot exercise federal question jurisdiction over a private TCPA claim, but that a federal court may exercise jurisdiction over a private TCPA claim if the requirements under 28 U.S.C. § 1332 are satisfied.  See Landsman & Funk PC v. AFGO Mechanical Services, Inc., 640 F.3d 72, 90 (3d Cir. 2011); ErieNet, Inc. v. Velocity Net, Inc., 156 F.3d 513, 518-519 (3d Cir. 1998).

As noted previously, Mims abrogated the Third Circuit's ruling in ErieNet.  However, Mims did not disturb the Third Circuit 's ruling, in Landsman & Funk, that private TCPA claims could proceed in federal court if the jurisdictional requirements of Section 1332 were satisfied.  See Mims, supra.

---

(Continuation of footnote 30):

2009 WL 192481, at *6 (N.D.Ill. January 26, 2009); Worsham v. Fairfield Resorts, Inc., 981 A.2d 24 (Md.Ct.Spec.App. 2009); Zelma v. Konikow, 879 A.2d 1185, 1186-1187 (N.J.Super.Ct.App.Div. 2005).

Other federal and state courts have applied state limitations periods to private TCPA claims.  See Giovanniello v. ALM Media, LLC, 660 F.3d 587 (2d Cir. 2011); Spillman v. Dominos Pizza, LLC, 2011 WL 721498, at *5-6 (M.D.La. February 22, 2011); Weitzner v. Vaccess America, Inc., 5 Pa.D.&C.5th 95, 122-127 (Pa.Ct.Com.Pl. Lackawanna Cnty. 2008); Edwards v. Emperor's Garden Restaraunt, 130 P.3d 1280, 1286-1287 (Nev. 2006); David L. Smith & Associates, LLP v. Advanced Placement Team, Inc., 169 S.W.3d 816, 822-823 (Tex.App. 2005).

Typically, a federal court sitting in diversity must, pursuant to Erie Railroad Co. v. Tompkins,[31] apply the relevant state's substantive law, which includes the state's statute of limitations.  Jaworowski v. Ciasulli, 490 F.3d 331, 333 (3d Cir. 2007).  However, in the typical Erie situation, the federal court sitting in diversity is faced with a plaintiff asserting a state-law cause of action and, thus, the applicable state-law limitations period is applied.  See Jaworowski, supra; Dixon Ticonderoga v. Estate of O'Connor, 248 F.3d 151, 160-161 (3d Cir. 2001).

However, as the Third Circuit held in Landsman & Funk, supra, a plaintiff may assert a private TPCA claim in federal court pursuant to diversity jurisdiction under 28 U.S.C. § 1332. In that situation, which exists here, the Third Circuit expressly acknowledged that the federal court would be exercising diversity jurisdiction over a federally-created cause of action, which would place the court in the admittedly unusual position of applying federal procedural and substantive law.  Landsman & Funk, 640 F.3d at 82, 82 n.10.

Furthermore, in Mims, the United States Supreme Court stated that, "[b]eyond doubt, the TCPA is a federal law that both creates the claims Mims has brought and supplies the substantive rules that will govern the case."  565 U.S. at ___, ___ S.Ct. at ___, 2012 WL 125429 at *3.  The Court found that the district

---

[31]     304 U.S. 64, 58 S.Ct. 817, 82 L.Ed.2d 1188 (1938).

courts retained federal question jurisdiction pursuant to
Section 1331 over private TCPA claims because federal law created
the cause of action, and Congress, through the TCPA, had not
"expressly, or by fair implication divested them of such
jurisdiction." <u>Mims</u>, 565 U.S. at ___, ___ S.Ct. at ___,
2012 WL 125429 at *7.

 Notably, in finding that the permissive "if otherwise
permitted" language of Section 227(b)(3) was insufficient to
divest the federal courts of federal question jurisdiction over
TCPA claims, the Court stated that "while drafting the TCPA,
Congress knew full well how to grant exclusive jurisdiction with
mandatory language." <u>Mims</u>, 565 U.S. at ___, ___ S.Ct. at ___,
2012 WL 125429 at *8 (quoting <u>ErieNet</u>, 156 F.3d at 522
(Alito, C.J., dissenting)).

 Much the same is true concerning the limitations period
applicable to private TCPA claims.  In other words, while
drafting the TCPA, Congress knew full well that it had enacted
Section 1658 the previous year and that Section 1658 provided a
four-year limitations period for civil actions arising under an
Act of Congress enacted after December 1, 1990.  <u>See</u> <u>id.</u>  If
Congress had intended to override the four-year catch-all
limitations period established by Section 1658 and, instead,
apply state limitations periods to private actions under the
federal TCPA, Congress knew how to, and could have done so,
expressly.

Moreover, the Mims Court's discussion of the clause "if otherwise permitted by the laws or rules of court of a State" in Section 227(b)(3) in no way suggests that the clause was meant to override Section 1658 and require the application of state limitations periods to private TCPA claims.  See id. Specifically, the Court stated that "by providing that private actions may be brought in state court 'if otherwise permitted by the laws or rules of court of [the] State,'... *Congress arguably gave States leeway* they would otherwise lack *to 'decide for [themselves] whether to entertain claims under the [TCPA]*".  Id. (citing Brill v. Countrywide Homes Loans, Inc., 427 F.3d 446, 451 (7th Cir. 2005)) (emphasis added, alterations in original).

Rather than reading the "if otherwise permitted" language in Section 227(b)(3) as a requirement that state limitations periods apply to TCPA actions, the Mims Court suggested that the "if otherwise permitted" language allows States to decide whether or not to entertain private TCPA claims in their courts, an option that would ordinarily be foreclosed by the Supremacy Clause of the federal Constitution.  Id. at *8 n.12.

In summary, Mims establishes that (1) the TCPA is a federal law that creates a private cause of action and provides the substantive rules governing such an action; (2) the TCPA did not divest the federal courts of subject matter jurisdiction to hear private TCPA claims under Section 1331; and (3) the clause

"if otherwise permitted by the laws or rules of court of a State"
in Section 227(b)(3) gives states the option to of closing their
courts to private TCPA claims.

While <u>Mims</u> did not directly address the limitations
period applicable to private TCPA claims, the Court's Opinion
provides additional support for the conclusion that the four-year
limitations period established in Section 1658 applies to private
TCPA claims.

For these reasons, I cannot conclude as defendants
suggest, that the clause "if otherwise permitted by the laws or
rules of court of a State" in Section 227(b)(3) requires the
application of state law limitation periods and overrides the
applicability of Section 1658's four-year limitations period to
the TCPA, a cause of action created by an Act of Congress enacted
after December 1, 1990.  <u>See</u> <u>Mims</u>, <u>supra</u>; <u>see</u> <u>Jones</u>, <u>supra</u>.

Additional federal and state authorities support the
proposition that Section 1658's four-year limitations period
applies to private actions under the TCPA.

The United States Court of Appeals for the Seventh
Circuit has held that the federal four-year limitations period
provided by Section 1658 applies to TCPA claims.  <u>Sawyer v. Atlas
Heating and Sheet Metal Works, Incorporated</u>, 642 F.3d 560, 560
(7th Cir. 2011) (Easterbrook, J.).  Moreover, a number of federal
district courts have concluded that Section 1658's four-year
limitations period applies to TCPA claims.  <u>See</u> <u>Pasco v. Protus</u>

IP Solutions, Inc., ___ F.Supp.2d ___, ___, 2011 WL 5965834, at
*14 (D.Md. 2011); Bridge v. Ocwen Federal Bank, 669 F.Supp.2d
853, 859 (N.D.Ohio 2009); CE Design v. Beaty Construction, Inc.,
2009 WL 192481, at *6 (N.D.Ill. January 26, 2009).

In addition to the federal authorities supporting the
application of Section 1658 to TCPA claims, thoughtful Opinions
by the Court of Special Appeals of Maryland and the Superior
Court of New Jersey, Appellate Division reached the same result.
See Worsham v. Fairfield Resorts, Inc., 981 A.2d 24
(Md.Ct.Spec.App. 2009); Zelma, supra.

In concluding that Section 1658's four-year limitations
period applied to private TCPA claims, the Court of Special
Appeals of Maryland observed that "[i[t seems highly unlikely
that, when Congress enacted the TCPA in 1991, it intended to
engender more of the same problems that were caused by borrowing
state statute of limitations provision prior to the 1990
enactment of 28 U.S.C. § 1658."  Worsham, 981 A.2d at 56.

As the Worsham court noted, if Congress intended by the
words "if otherwise permitted by the laws or rules of the court
of a State" in Section 227(b)(3) to require application of state
statutes of limitations to private TCPA claims and to thereby
exempt private TCPA claims from Section 1658's catch-all
four-year limitations period, "Congress could have chosen
language that made such an intent more evident, or better yet,
explicit."  Id.

The Superior Court of New Jersey, Appellate Division concluded that <u>Jones</u> requires a "narrow reading" of the phrase "[e]xcept as otherwise provided by law" in Section 1658 and a similarly narrow reading of the phrase "if otherwise permitted by laws or rules of court of a State" in Section 227(b)(3).   <u>Zelma</u>, 879 A.2d at 1188.   The <u>Zelma</u> court then stated that "*[a]bsent a clear indication of an alternate limitation period*, language of exception in post-1990 federal enactments should not be read as intended to override the limitation period provided in § 1658." <u>Id.</u> (emphasis added).

Defendants moving papers rely heavily on a the Opinion of Judge Carmen D. Minora of the Court of Common Pleas of Lackawanna County, Pennsylvania in <u>Weitzner v. Vaccess America, Inc.</u>, 5 Pa.D. & C.5th 95 (Pa.Ct.Com.Pl. Lackawanna Cnty. 2008), for support of their contention that Pennsylvania's two-year limitation for tort actions applies to plaintiff's TCPA claim.[32]

---

[32]   <u>See</u> Defendants' Memorandum at pages 13-15; Defendants' Reply Memorandum at pages 2-7.  Defendants assert that "[i]n complete disregard of the *lack of federal question jurisdiction*, and the *resulting application of state common law*, to private actions under the TCPA, Plaintiff wrongly argues that the statute of limitations to apply to a private action under the TCPA is the federal four-year 'catch-all' statute of limitations." Defendants' Reply at page 5 (emphasis added).

As the emphasized portion of defendants' argument illustrates, defendants are working off the faulty premise that simply because the federal courts lack jurisdiction to hear private TCPA claims under Section 1331 (which is incorrect pursuant to <u>Mims</u>, <u>supra</u>), the state statute of limitations automatically applies to TCPA claims.  <u>See</u> Defendants' Reply Memorandum at page 5.

The error of that premise is revealed by the Third Circuit Court of Appeals' statement that a federal court hearing a TCPA claim over which it exercised jurisdiction pursuant to Section 1332 would be in the admittedly unusual position of applying federal procedural and substantive law.  <u>Landsman & Funk</u>, 640 F.3d at 82 n.10.

Faced with the contrary authority already discussed, Weitzner does not persuade me that the proper reading of Section 1658 and Section 227(b)(3) requires the application of Pennsylvania's two-year statute of limitations to private TCPA actions.

Judge Minora relied on Gottlieb v. Carnival Corporation, 436 F.3d 335, 340-341 (2d Cir. 2006), where the United States Court of Appeals for the Second Circuit held that federal courts lacked jurisdiction to hear private TCPA claims under Section 1331 and characterized the TCPA as the "functional equivalent of state law".  Weitzner, 5 Pa.D. & C.5th at 101 (quoting Gottlieb, 436 F.3d at 342).  Because the TCPA was the functional equivalent of state law, Judge Minora reasoned, it was logical and proper to conclude that Congress intended the clause "if otherwise permitted by the laws or rules of court of a State" in Section 227(b)(3) to incorporate state limitations periods and override the federal-four year catch-all limitations period. Weitzner, 5 Pa.D. & C.5th at 124-127.

However, the decision of the Supreme Court of the United States in Jones, supra, was not addressed in Judge Minora's discussion of the applicability of Section 1658 to private TCPA claims in Weitzner.  Moreover, after Mims, it cannot rightly be asserted that the TCPA is the functional equivalent of state law.

Although it was not raised by defendants in their moving papers or notice of supplemental authority, on October 17, 2011, the United States Court of Appeals for the Second Circuit issued its Opinion in Giovanniello v. ALM Media, LLC, 660 F.3d 587 (2d Cir. 2011).  There, the district court dismissed Mr. Giovanniello's amended class action complaint as time-barred regardless of whether Connecticut's two-year limitations period or the federal four-year limitations period under Section 1658 applied.  Giovanniello v. ALM Media, LLC., 2010 WL 3528649, at *6 (D.Conn. September 3, 2010).

On appeal, the Second Circuit Appeals Court considered "whether a state statute of limitations is among the 'laws' referenced in the TCPA's 'otherwise permitted' provision, or whether the statute of limitations for TCPA actions is the federal catch-all four-year limitations period provided in 28 U.S.C. § 1658(a)."  Giovanniello, 660 F.3d at 588.  The Second Circuit Appeals Court held that

> [i]n the circumstances of this case, where the relevant state law, Conn. Gen.Stat. § 52-570c, specifically recognizes a cause of action for statutory damages for the transmission of unsolicited commercial facsimile ("fax") communications, but permits such an action to be filed only within two years of the complained-of transmission, see id. § 52-570c(d), we conclude that a TCPA action may be maintained only as permitted by that state statute of limitations.

Giovanniello, 660 F.3d at 588-589.

In reaching the conclusion that Section 1658's four-year limitations period did not apply to private TCPA

actions, the Second Circuit Appeals Court reasoned that

> because Congress enacted the TCPA *primarily to fill a perceived jurisdictional gap* for states that choose to recognize a cause of action for unsolicited commercial faxes, it would be curious to assume that Congress intended for state courts (or federal courts exercising diversity jurisdiction) to apply a different limitations period[, the federal four-year catch-all period,] to TCPA claims than they apply to parallel state claims" arising from unsolicited fax advertisements.

Id. at 596 (emphasis added).

However, in Mims, the Supreme Court rejected the contention that Congress "sought only to fill a gap in the States' enforcement capabilities."  Mims, 565 U.S. at ___, ___ S.Ct. at ___, 2012 WL 125429 at *9.  Rather than a mere gap-filler, in enacting the TCPA Congress created "detailed, uniform, federal substantive prescriptions and provided for a regulatory regime administered by a federal agency....TCPA liability thus depends on violation of a federal statutory requirement or an FCC regulation…not on a violation of any state substantive law."  Id.

With Mims' characterization of the TCPA in mind, I cannot conclude that the words "if otherwise permitted by the laws or rules of court of a State" in Section 227(b)(3) represent Congress's intent, or are sufficient, to negate the applicability of Section 1658's four-year catch-all federal limitations period to private actions TCPA actions.

For the above reasons I agree with plaintiff that the federal four-year statute of limitations provided in Section 1685 applies to private TCPA claims.

Here, the private TCPA claims asserted in the Class Complaint filed February 24, 2010 and the First Amended Class Action Complaint filed March 25, 2011 are based on unsolicited fax advertisements allegedly sent to plaintiff and the putative class members on June 17, 2006.  Beginning the limitations period on that date, when plaintiff and the putative class members allegedly received the unsolicited fax advertisements, and applying the four-year limitations period set by Section 1658, plaintiff was timely if he brought his private TCPA claim by June 17, 2010.  This action was initiated on February 24, 2010, just under five months before the expiration of the applicable limitations period.  Therefore, I conclude that the TCPA claims are not time-barred.

<u>CONCLUSION</u>

Defendants' motion to dismiss plaintiff's First Amended Class Action Complaint for lack of jurisdiction and as time-barred fail on each ground.

Specifically, I conclude that the averments in plaintiff's First Amended Class Action Complaint establish this court's jurisdiction over this action pursuant to both 28 U.S.C. § 1331 and the CAFA, 28 U.S.C. § 1332(d).

Furthermore, I conclude that the federal four-year "catch-all" statute of limitations found in 28 U.S.C. § 1658 applies to the private TCPA claims asserted in plaintiff's First Amended Class Action Complaint and that the claims therein are not time-barred.  For these reasons, I deny defendant's motion to dismiss the First Amended Class Action Complaint.