IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAWK VALLEY, INC., individually and as the representative of a class of similarly-situated persons, | )<br>)<br>) |
| Plaintiff, | ) No. 5:10-cv-00804-JKG<br>)<br>) |
| v. | )<br>) |
| ELAINE G. TAYLOR, ENVIRONMENTAL PROCESS SYSTEMS INC., and JOHN DOES 1-10 | )<br>)<br>)<br>) |
| Defendants. | ) |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

NOW COMES Hawk Valley, Inc. ("Plaintiff") pursuant to Fed.R.Civ. P. 23 (a), (b) (3) and (g), and hereby submits its Motion for Class Certification.

A.  **Proposed Class Definition.**

Plaintiff proposes the following class definition:

All persons sent one or more faxes on June 17, 2006 from "Environmental Process Systems, Inc." that advertised "EPSI's Grass Grab-er" as a "New way to treat your equipment wash water."

B.  **Numerosity.**

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23 (a) (1). Here, Defendant's fax ad was sent to more than 4,000 persons. Individual joinder of absent class members is impracticable.

C.  **Commonality.**

Rule 23 (a)'s second requirement is the presence of "questions of law or fact common to the class." Fed. R. Civ. P. 23 (a) (2). The commonality requirement does

not mandate "that all putative class members share identical claims" and "factual difference among the claims of the putative class members do not defeat certification." *Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994). "Because the requirement may be satisfied by a single common issue, it is easily met. …" *Id.* Several common questions of law and fact are present in this case, including whether Defendant violated the TCPA by faxing an advertisement without first obtaining express invitation or permission to do so and whether Plaintiff and the other class members are entitled to statutory damages. Therefore, commonality is satisfied.

D.  <u>Typicality</u>.

Rule 23 (a)'s third requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23 (a) (3). Plaintiff's claim and the claims of the other putative class members all arise from Defendant's fax campaign and Plaintiff brings the same TCPA claim that will be advanced by the class. Accordingly, Plaintiff's claim is typical of those of the class.

E.  <u>Adequacy of Representation</u>.

Rule 23 (a)'s final requirement is that the class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23 (a) (4). There is no antagonism between the interests of Plaintiff and those of the other class members. Plaintiff's counsel are experienced lawyers and they are adequate counsel for the class. Plaintiff's counsel will continue to continue to dedicate adequate resources to represent the class.

F. <u>Predominance</u>.

Rule 23 (b) (3) requires that common questions of law or fact predominate over individual questions. As discussed above, common legal issues predominate because the class members' claims arise under the same federal statute. Common fact issues also predominate.

G. <u>Superiority</u>.

Rule 23 (b) (3) also requires that a class action be the superior method for adjudicating the claims. Certifying a class is the "superior" way when the "'class action would achieve economies of time, effort, and expense, and promote … uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem Prods. v. Windsor,* 521 U.S. 591, 615 (1997). That is true of the instant case.

Plaintiff has submitted a brief in support of this motion.

## CONCLUSION

The proposed class meets the requirements of Rules 23 (a), (b) (3) and (g). Plaintiff requests that the Court certify the class, appoint Plaintiff as the class representative, and appoint Plaintiff's attorneys as class counsel.

July 19, 2013.                              Respectfully submitted,

                                            /s/ Alan C. Milstein
                                            One of Plaintiff's attorneys

Brian J. Wanca                      Alan C. Milstein
ANDERSON + WANCA                    Sherman, Silverstein, Kohl, Rose & Podolsky
3701 Algonquin Road, Suite 760      308 Harper Drive, Suite 200
Rolling Meadows, IL 60008           Moorestown, NJ 08057
Telephone: 847-368-1500             Telephone: 856-662-0700

Phillip A. Bock
BOCK & HATCH, LLC
134 N. La Salle St., Suite 1000
Chicago, IL 60602
Telephone: 312-658-5500

## CERTIFICATE OF SERVICE

      I hereby certify that on July 19, 2013, I electronically filed the foregoing using the CM/ECF System which will send notification of such filing to all counsel of record.

      /s/ Alan C. Milstein
      One of Plaintiff's attorneys