IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAWK VALLEY, INC., a Pennsylvania corporation, individually and as the representative of a class of similarly situated persons,<br>    Plaintiff,<br><br>v.<br><br>ELAINE G. TAYLOR and ENVIRONMENTAL PROCESS SYSTEMS, INC. and JOHN DOES 1-10<br><br>    Defendants. | Civil Action  No. 10-cv-804<br><br>Hon. James Knoll Gardner |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT TAYLOR'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff, Hawk Valley, Inc. ("Plaintiff"), hereby responds in opposition to Defendant Taylor's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 106 ):

**Introduction and Background**

On July 19, 2013, Plaintiff filed a Motion for Class Certification.  (Doc. 98).  On August 16, 2013, twenty-eight days later, Defendant made an offer of judgment to Plaintiff.  On September 26, 2013, Defendant Taylor filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Motion)(Doc. 106).   Defendant's Motion is based on the offer of judgment to Plaintiff and *Genesis Healthcare Corp. v. Laura Symczyk*, 133 S.Ct. 1523 (2013).  For the following reasons Defendant's Motion should be denied.

   **1.    Defendant Over-Applies *Genesis***

*Genesis Healthcare Corp. v. Symczyk,* 133 S.Ct. 1523 (2013) does not apply to the facts at hand.  First, the very issue presented here was decided post *Genesis* in *Chen v. Allstate, Ins. Co.,* No. C 13-0685, 2013 WL 2558012 (N.D. Cal. June 10, 2013).  In *Chen* the court determined

that the TCPA claim there was not mooted by an offer of judgment and that "the ruling in *Genesis,* which was limited to the collective action context, is not directly applicable to the class action context." (*Id.* at 11).

Additionally, in *Scott v. Westlake Services, LLC,* No. 12 C 9289, 2013 WL 2468253 (N.D. Ill. June 6, 2013), the court there determined that *Genesis* avoided the question at hand, the same question here. (*Id.* at 12). The *Scott* court went on to determine that the offer there did moot the TCPA claim, though the *Scott* court based that decision on the precedent set by *Holstein v. City of Chi.,* 29 F.3d 1145 (7th Cir. 1994). Following *Holstein* and before *Scott* the Seventh Circuit decided *Damasco v. Clearwire Corporation,* 662 F.3d 891 (7th Cir. 2011). In Damasco, the Seventh Circuit set out a simple solution to approaching the buy-off problem – determine if there is a motion for class certification pending and if there is then an offer of judgment cannot pick-off the named plaintiff and moot the claim. *Id.* at 896-97. As discussed below, that approach yields a denial of the current motion to dismiss.

    **2.**    **The Clear Trend Is To Limit *Genesis* Beyond FLSA Cases**

The cases that have been decided after *Chen* and *Scott* have followed their lead: *Kensington Physical Therapy, Inc. v. Jackson therapy Partners, LLC,* ___ F.Supp.2d __, 2013 WL 5476979, *6 (D. Md. Oct. 2, 2013)(denying motion to dismiss a TCPA case based on an offer of judgment and *Genesis*); *Knutson v. Schwan's Home Service, Inc.,* 20113 WL 4774763, *11 (S.D. Cal. Sept. 5, 2013)(same; "*Genesis,* however, involved a collective action under the Fair Labor Standards Act, which the Supreme Court recognized is fundamentally different from Rule 23 class actions"); *Sandusky Wellness Center LLC v. Medtox Scientific, Inc.,* 2013 WL 3771397, *2 (D. Minn. July 18, 2013)(same; "In other words, *Genesis* is inapplicable to a Rule 23 action brought under the TCPA"); *Craftwood II, Inc. v. Tomy Intern., Inc.,* 2013 WL

3756485, *4 (C.D. Cal. July 15, 2013)(same).

Consequently, the reported TCPA cases following *Genesis* do not support the reading of *Genesis* that Defendant advances before this Court. The error in Defendant's interpretation of *Genesis* is reflected in the practical effect of that interpretation. Taken to its logical conclusion, Defendant is advancing that this Court adopt a complete defense to Rule 23. If Defendant's radical interpretation of *Genesis* is accurate, it would mean that every Rule 23 case could be mooted without limitation by an individual offer of judgment to the named class plaintiff. This leaves open the possibility that in the District of Pennsylvania there could possibly never be another Rule 23 case ever again. Yet that is what Defendant is asking this Court to approve – a judicial revocation of Rule 23.

The more restrained interpretation of *Genesis*, which was an FLSA collective action, is set forth in *Genesis* itself that is "Rule 23 actions are fundamentally different from collective actions under the FLSA." 133 S.Ct. at 1529. This axiom prevents Defendant's *Genesis* interpretation from gaining any stability. There is a substantial difference between FLSA actions and Rule 23 cases and that substantial difference cannot be overlooked. *See also De Asencio v. Tyson Foods, Inc.,* 342 F.3d 301, 306 (3rd. Cir. 2003).

**3.      Defendant's Cases Are Inapplicable To The Facts Here**

Dispositive of Defendant's Motion, and just as important here, Plaintiff filed a motion or class certification ***prior*** to Defendant's Rule 68 offer. Defendant cites no cases applicable to this scenario. As mentioned above, per *Damasco,* the pending motion for class certification is a defense to the Rule 68 pick-off ploy. The *Damasco* approach is a reasonable resolution to preserving balance between Rule 23 and Rule 68.

The cases Defendant cites are inapplicable: *Masters v. Wells Fargo Bank South Cent.*

*N.A.,* 2013 WL 3713492 (W.D. Tex. July 11, 2013) – did not involve a motion for class certification pending when that offer was made, and adopts the minority interpretation of *Genesis*; *Sandoz v. Cingular Wireless LLC,* 553 F.3d 913 (5th Cir. 2008) – is an FLSA case not a TCPA case; *Grant ex rel. Family Eldercare v. Gilbert,* 324 F.3d 383 (5th Cir. 2003) – a motion for class certification was denied prior to the offer of judgment; *Rand v. Monsanto Co.,* 926 F.2d 596 (7th Cir. 1991) – has to be read in conjunction with *Damasco* not independent of *Damasco*; *Darboe v. Goodwill Indus. Of Greater NY & NJ, Inc.,* 485 F.Supp.2d 221 (E.D. N.Y. 2007) – an FLSA case not a TCPA case; *O'Brien v. Ed Donnelly Enterprises, Inc.,* 575 F.3d 567 (6th Cir. 2009) – is an FLSA case not a TCPA case; *Greisz v. Household Bank (Ill.), N.A.,* 176 F.3d 1012 (7th Cir. 1999) – has to be read in conjunction with *Damasco* not independent of *Damasco*.

One of the final points Defendant makes is also worth mentioning.  In the next to last paragraph of Section III Defendant states "It is well understood the Supreme Court, *supra*, has held that a lead class action plaintiff has no real interest in potential class members prior to certification."  This statement is a misreading of *Genesis*.  It is an axiom that:

> As the Court observed in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974), the federal class action procedure "was intended to insure that the judgment, whether favorable or not, would bind all class members who did not request exclusion from the suit." The binding effect of the class action's disposition poses serious due process concerns where the interests of class members are not properly presented. 7A C. Wright & A. Miller, Federal Practice and Procedure § 1785 (1972).

*H.L. v. Matheson,* 101 S.Ct. 1164, fn. 9 (1981).   *Genesis* has not undone due process concerns in the class action context, nor has *Genesis* vacated *Eisen*.

## Conclusion

Defendant has attempted to piece together a minority reading of *Genesis* with holdings

from cases where an offer of judgment was made without a class certification motion pending to erroneously conclude that the offer of judgment here moots the case despite the presence of a pending motion for class certification.  Defendant's argument is unpersuasive and risks a precedent that unravels settled class action law.

**WHEREFORE,** Plaintiff, Hawk Valley, Inc. respectfully requests that the Court deny Defendant's Motion to Dismiss.

        Submitted and approved by:

        HAWK VALLEY, INC. individually and as the representative of a class of similarly-situated persons

        By: s/Brian J. Wanca
        One of the Attorneys for Plaintiff and the Class

        Brian J. Wanca
        *Anderson + Wanca*
        3701 Algonquin Road, Suite 760
        Rolling Meadows, IL  60008
        Telephone:  847/368-1500

        Philip A. Bock
        *Bock & Hatch, LLC*
        134 North LaSalle Street, Suite 1000
        Chicago, IL  60620
        Telephone:  312/658-5500

        Alan C. Milstein
        *Sherman, Silverstein, Kohl, Rose & Podolsky, PA*
        308 Harper Drive, Suite 200
        Moorestown, NJ 08057
        856/662-0700