```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

HAWK VALLEY, INC.,                       )
                                         )
          Plaintiff                      )   Civil Action
                                         )   No. 10-cv-00804
     v.                                  )
                                         )
ELAINE G. TAYLOR;                        )
ENVIRONMENTAL PROCESS SYSTEMS, INC.;     )
  and                                    )
JOHN DOES 1-10,                          )
                                         )
          Defendants                     )

## O R D E R

        NOW, this 29th day of October, 2013, upon consideration of the following documents:

    (1)  Motion for Leave to File Late Third Party Complaint, which motion was filed by defendant Environmental Process Systems, Inc. on April 22, 2013 (Document 88), together with

        (A)  Memorandum of Law in Support of Motion for Leave to File Late Third Party Complaint (Document 88);

        (B)  Exhibit A, excerpt of Transcript of Deposition of Bennett W. Taylor, Jr. taken January 18, 2013 (Document 88-2);

        (C)  Exhibit B, copy of entry for University Degree Program from Wikipedia.com printed on April 11, 2013 (Document 88-3);

        (D)  Exhibit C, copy of Declaration of putative third-party defendant Caroline Abraham sworn to and executed on December 28, 2010 (Document 88-4); and

        (E)  Exhibit D, proposed Third Party Complaint (Document 88-5);

and upon consideration of the pleadings and record papers in the within matter; it appearing that defendant Environmental Process Systems, Inc. ("EPSI") seeks leave of court to file its proposed Third Party Complaint against putative third-party defendants Caroline Abraham and Joel Abraham, each doing business as "Business to Business Solutions" (together, the "Abrahams") beyond the applicable time periods provided by Rule 14(a) of the Federal Rules of Civil Procedure[1] and Rule 14.1(a) of the Local Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania ("Local Civil Rules")[2];

---

[1]     Rule 14(a) of the Federal Rules of Civil Procedure provides, in pertinent part:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.  But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed.R.Civ.P. 14(a)(1).

[2]     Rule 14.1 of the Local Civil Rules provides, in pertinent part:

> Applications pursuant to Fed.R.Civ.P. 14 for leave to join additional parties after the expiration of the time limits specified in that rule *will ordinarily be denied as untimely unless filed not more than ninety (90) days after the service of the moving party's answer*.  If it is made to appear, to the satisfaction of the court, that *the identity of the party sought to be joined, or the basis for joinder, could not, with reasonable diligence, have been ascertained* within said time period, *a brief further extension* of time *may be granted* by the court in the interests of justice.

E.D.Pa.R.Civ.P. 14.1(a)(emphasis added).

  <u>IT IS ORDERED</u> that the Motion for Leave to File Late Third Party Complaint is denied.[3]

             BY THE COURT:

             /s/ JAMES KNOLL GARDNER
             James Knoll Gardner
             United States District Judge

---

[3] As defendant EPSI acknowledges in its within motion (Motion at ¶ 7), Rule 14.1(a) of the Local Civil Rules governs where a defendant does not file its third-party complaint as a matter of right within fourteen days of its answer as provided by Rule 14(a) of the Federal Rules of Civil Procedure.

Federal Rule 14(a) provided defendant EPSI with fourteen days after its answer in which to file its Third Party Complaint against the Abrahams as a matter of right. Defendant EPSI responded to plaintiff's initial pleading by filing a motion to dismiss, and subsequently filed an answer to plaintiff's amended complaint on April 16, 2012 (<u>See</u> Defendants, Elaine G. Taylor and Environmental Process Systems, Inc.'s Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, which answer was filed April 16, 2012 (Document 45).) Accordingly, pursuant to Federal Rule 14(a), defendant EPSI had until April 30, 2012 to file its Third Party Complaint as of right.

Local Civil Rule 14.1(a) provides an additional 90 days from the expiration of the fourteen-day period provided by Federal Rule 14(a) during which additional period a defendant may seek leave of court to file a third-party complaint. Requests for leave to join third-parties which are made beyond this additional 90-day window provided by Local Rule 14.1(a) "will ordinarily be denied as untimely". Accordingly, the period during which a request for leave to join the Abrahams would not ordinarily be denied as untimely extended until July 29, 2012 (90 days after the April 30, 2012 deadline to join the Abrahams as of right under Federal Rule 14(a)). Defendant EPSI's motion for leave was not filed by that date.

However, "[i]f it is made to appear, to the satisfaction of the court, that [A] the identity of the party sought to be joined, or [B] the basis for joinder, could not, with reasonable diligence, have been ascertained within said time period, a brief further extension of time may be granted by the court in the interests of justice." E.D.Pa.R.Civ.P. 14.1(a).

Here, as further explained below, the motion for leave filed by defendant EPSI and EPSI's averments in the proposed Third Party Complaint do not support the conclusion that defendant EPSI could not, with reasonable diligence, have ascertained the identity of the Abrahams or the basis for its third-party claims against the Abrahams prior to July 29, 2012. Accordingly, a brief extension, as contemplated by Local Rule 14.1(a) is not warranted,

                (<u>Footnote 3 continued</u>):

---

(Continuation of footnote 3):

much less the eight-month-and-three-week extension (the period of time from July 29, 2012 when EPSI's 90-day period under Local Rule 14.1(a) expired, until the within motion for leave was filed on April 22, 2013) sought by EPSI here.

        Specifically, here, plaintiff Hawk Valley, Inc. filed its initial Class Action Complaint on February 24, 2010 (Document 1) asserting a claim against defendants for sending an unsolicited facsimile advertisement on June 17, 2006 in violation of the TCPA.  (Class Action Complaint at ¶ 10.)  A Summons and the initial Class Action Complaint were served upon defendant EPSI on March 16, 2010.  (See Affidavit of Service of Complaint Upon Defendants Elaine G. Taylor and Environmental Process Systems, Inc., dated April 15, 2013 signed by Alan C. Milstein, counsel for plaintiff (Document 4) at pages 1-2.)  Plaintiff Hawk Valley amended its pleading pursuant to the Order and accompanying Opinion of the undersigned dated February 25, 2011 and filed February 28, 2011 (Documents 35 and 34, respectively) in order to properly plead the grounds upon which this court's jurisdiction depends.  Accordingly, plaintiff's substantive TCPA claim remained unchanged in plaintiff's First Amended Class Action Complaint.  (First Amended Class Action Complaint filed March 25, 2011 (Document 36), at ¶ 13.)  In short, defendant EPSI knew, by at least March 16, 2010 (more than three years before filing the within motion), that it was being sued for unlawfully sending an unsolicited fax advertisement on June 17, 2006.

        In the within motion, defendant EPSI now seeks to assert, in is proposed Third Party Complaint, claims for contribution and indemnification (Count I), common law fraud (Count II), and negligence (Count III) against the Abrahams, who were doing business as an unincorporated entity referred to as "Business to Business Solutions".  (Motion at ¶¶ 2-3, and Exhibit D.)  As EPSI itself acknowledges, Business to Business Solutions -- the Abraham's unincorporated marketing company -- was *retained by EPSI* and allegedly sent the June 17, 2006 facsimile advertisement at issue in this case.  (Motion at ¶ 2.)

        Despite the fact that EPSI itself retained Business to Business Solutions after it reached out to EPSI offering marketing services, EPSI asserts that "the full involvement of the Abrahams, doing business as Business to Business Solutions, has only recently become apparent."  (Motion at ¶ 12.)  More specifically, EPSI states that the depositions of defendant Elaine G. Taylor and her husband, Bennett Taylor (who together owned and operated defendant EPSI), were taken on January 18, 2013 and it was at that time that EPSI became aware of the "significant involvement" of Business to Business Solutions in the facsimile transmission at issue in this case.  (Motion at ¶¶ 10-14.)

        However, as noted above, it was defendant EPSI itself that retained Business to Business Solutions (the name under which the Abrahams were doing business) to provide marketing services to EPSI.  Moreover, as noted above, EPSI asserts that it learned of the involvement of Business to Business Solutions and the Abrahams through the deposition testimony of defendant Elaine Taylor and her husband, Bennett Taylor.  In other words,

        (Footnote 3 continued):

---

(Continuation of footnote 3):

EPSI now asserts that it only recently discovered the involvement of Business to Business Solutions in the facsimile transmission at issue, while simulta- neously acknowledging that it gained that information from the Taylors (the very individuals that EPSI identifies at its owners and operators during the time period relevant to this action).

        For the reasons expressed above, I cannot conclude that defendant EPSI could not, with reasonable diligence, have ascertained the identity of the Abrahams, doing business as Business to Business Solutions, or the basis for EPSI's third-party claims against the Abrahams within the time periods provided by Federal Rule 14(a) and Local Rule 14.1(a).  Therefore, I conclude that an additional extension of time for defendant EPSI to assert third-party claims in this action against the Abrahams is not warranted.

        Defendant EPSI correctly notes that the decision to permit joinder of third-party defendants under Federal Rule 14 rests with the sound discretion of the trial court (Motion at ¶ 5, citing Judd v. General Motors Corporation, 65 F.R.D. 612, 615 (M.D.Pa. 1974), and the time limits for filing a motion for leave to file a third-party complaint "are not cast in stone."  (Motion at ¶ 8, quoting Hornsby v. Johns-Manville Corp., 96 F.R.D. 367, 369 (E.D.Pa. 1982)(Hannum, J.)).  However, for the reasons expressed above, I conclude that exercise of that discretion to extend the period for defendant EPSI to assert third-party claims against the Abrahams doing business as Business to Business Solutions is not warranted here. Accordingly, I deny defendant EPSI's within motion for leave.

-5-