IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAWK VALLEY, INC., a Pennsylvania Corporation, individually and as the representative of a class of similarly-situated persons, </br></br>    Plaintiff,</br></br> v.</br></br>ELAINE G. TAYLOR, ENVIRONMENTAL PROCESS SYSTEMS INC., and JOHN DOES 1-10,</br></br>    Defendants. | No. 5:10-cv-00804</br></br>Judge James Knoll Gardner</br></br>Magistrate Henry S. Perkin |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT AND NOTICE TO THE CLASS**

  Plaintiff, Hawk Valley, Inc. ("Plaintiff") individually and as the representative of a certified class of similarly-situated persons (the "Class"), submits this memorandum of law in support of its Motion for Preliminary Approval of Class Action Settlement and Notice to the Class.

A. BACKGROUND

  1. Plaintiff's Class Action Complaint action seeks to recover damages for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), by defendants, Elaine G. Taylor and Environmental Process Systems, Inc. ("Defendants"). Plaintiff alleges that Defendants sent unsolicited advertisements by facsimile to Plaintiff and others in 2006.

  2. On March 31, 2014, after extensive briefing by the parties and an evidentiary hearing, the Court certified a class pursuant to Fed. R. Civ. P. 23 (a)

and (b) (3). Doc. 142.

3. Thereafter, through court-ordered mediation with the Honorable Magistrate Judge Henry S. Perkin and arm's-length negotiations, the parties reached an agreement to settle the claims of Plaintiff and the class as set forth in the Agreement attached as <u>Exhibit A</u>.

4. At the time the allegedly unsolicited advertisements were sent, Harleysville Mutual Insurance Company ("Harleysville") insured Defendants. Nationwide Mutual Insurance Company ("Nationwide") succeeded to certain of Harleysville's rights and responsibilities by merger. Nationwide has agreed to fund this settlement on Defendants' behalf.

5. As described below, Nationwide has agreed to make money available to pay claims submitted by class members, to pay an incentive award to Plaintiff for services rendered as the class representative, to pay attorneys fees and expenses to Plaintiff's counsel for legal services rendered on behalf of the class, and to pay a third-party administrator to notify the class, handle the claims, and disburse the funds.

B. **SUMMARY OF SETTLEMENT**

6. The Agreement's primary terms are as follows:

a. <u>Class Certification</u>. For settlement purposes only, Defendants have agreed to certification of a class of persons defined in a substantially similar way to how the Court defined the class in its order of March 31, 2014: "All persons sent one or more faxes on or about June 17, 2006 from 'Environmental Process Systems, Inc.' that advertised 'EPSI's Grass Grab-er'

as a 'New way to treat your equipment wash water.'" *Compare* Doc. 142 *with* Agreement ¶ 2 (only substituting "on or about" for "on").

      b.    <u>Class Representation</u>. For settlement purposes only, Defendants have consented to Plaintiff's appointment as the "Class Representative" and to the appointments of Phillip A. Bock of Bock & Hatch, LLC, Brian J. Wanca of Anderson + Wanca, and Alan C. Milstein of Sherman, Silverstein, Kohl, Rose & Podolsky, P.A. as "Class Counsel." Agreement ¶ 3.

      c.    <u>The Settlement Administrator</u>. Defendants have agreed to hire an independent third-party claims administrator (the "Settlement Administrator") that will notify the class members about the settlement, assist them in completing and submitting their claim forms, approve the valid claims and reject any that are invalid, and send payments to the class members who submit the valid claims. Agreement ¶ 7. Nationwide will pay the Settlement Administrator for its services and fund the payments to the class members, along with the other payments required under the Agreement. *Id.*

      d.    <u>Notice to the Class</u>. The Parties will cause the Settlement Administrator to notify the class members about the settlement by sending a facsimile to the fax numbers the fax broadcaster targeted in 2006 and identified in the Expert Report of Robert Biggerstaff ("the Biggerstaff Report") previously filed with the Court. Agreement ¶ 8. The parties' proposed class notice is attached to the Agreement as Exhibit 2 and a proof of

claim form (discussed below) will be attached to it. For any notice transmission that is unsuccessful after three attempts by facsimile, the Settlement Administrator will send the notice by mail to the name and address that was associated with the subject fax number in the 2006 broadcaster's records, as specified by Robert Biggerstaff. *Id.* The notice will be sent on or before March 6, 2015, or otherwise when instructed by the Court. *Id.*

    e.    <u>The Proof of Claim Form</u>. The parties have been unable to agree about whether the Proof of Claim should require that a claimant state its tax identification number; Plaintiff says no but Defendants say yes. Agreement ¶ 9. To bridge this final gap, the parties agreed that the Court could decide which of two Proof of Claim forms will be used. Plaintiff's proposed Proof of Claim is attached as <u>Exhibit B</u> and Defendants' proposal is attached as <u>Exhibit C</u>. Plaintiff and Defendants have reserved all rights to argue to the Court in favor of their respective preferred claim form. The Proof of Claim will be attached to the class notice and class members will have 45 days from the Court-ordered deadline for issuing Notice to submit their claims. The Settlement Administrator will reject as untimely any claim submitted after the 45-day period expires; claims submitted after this 45 days date shall be forever barred.

    f.    <u>Monetary Relief to the Members of the Class</u>. To each member of the class who submits an approved Claim Form, the Settlement

7

Administrator will mail a check in the amount of $278.38 for each of Defendants' faxes that were sent to the claimants' fax numbers, as established by the Biggerstaff Report. Agreement ¶ 10. This is more than 50% of the statutory damage award a person can receive under the TCPA, 47 U.S.C. 227 (b) (3) and Nationwide has agreed to pay, subject to the terms of the Agreement, the Settlement Administrator, Plaintiff's incentive award, and Plaintiff's counsel's fees and expenses in addition to the claims payments.

      g.    <u>Class Members' Rights to Object to the Settlement or Opt Out of the Class</u>. As stated in the class notice, any member of the class may seek to be excluded from the Agreement and the settlement by opting out of the class within the time period set by this Court. Any class member who opts out of the class shall not be bound by any prior Court order or the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement. Agreement ¶¶ 14, 16, 22.

      h.    <u>Release</u>. In exchange for the relief provided by the settlement, and as defined in the Agreement, the class members who do not opt out of the settlement will release all claims that were brought or could have been brought against Defendants, Nationwide, and the other released parties regarding the facsimiles at issue. Agreement ¶ 14.

      i.    <u>Incentive Award and Attorney's Fees and Costs</u>. As part of the final "fairness" hearing currently scheduled for August 6, 2015, Class

Counsel will petition the Court to approve Nationwide's agreement, subject to the Court's approval, to pay Plaintiff $15,000 as an incentive award for serving as the class representative, and Nationwide's agreement, subject to the Court's approval, to pay Plaintiff's counsel attorneys' fees equal to $667,000.00, plus reasonable out-of-pocket expenses not to exceed $40,000.00. Agreement ¶ 12.

      j.    <u>Notices required by the Class Action Fairness Act</u>. Within 10 days after the Agreement is filed with the Court, Defendants' counsel will cause the notice of the settlement required by the Class Action Fairness Act, 28 U.S.C. 1715 (b) ("CAFA"), to be issued to the Attorney General for the United States, as well as the attorneys general of Alaska, Alabama, Arkansas, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Illinois, Indiana, Kentucky, Louisiana, Maine, Massachusetts, Maryland, Michigan, Mississippi, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Virginia, Vermont, and West Virginia. Agreement ¶ 6. Based upon the records of the fax broadcaster who sent the fax advertisements at issue in the litigation, the class members are believed to reside in these various states.

      k.    <u>Right to Rescind</u>. As provided in the Agreement at paragraph 19, any Party shall have the right, but not the obligation, to void or rescind the Agreement if any of the following events occurs: (a) the Court does not

preliminarily approve the settlement without material modifications to this Agreement; (b) there are material modifications made to the Agreement by the Court, by any other court, or by any tribunal, agency, entity, or person that are not accepted by any Party; (c) any objection to the settlement is sustained by the Court, regardless of any right to appeal; or (d) for any other reason the exercising Party or Signatory deems appropriate in its sole discretion. Agreement ¶ 19. The right to void or rescind under subparagraphs (a) or (d) must be exercised, if at all, no later than 14 days before the date identified in the class notice as the date of the final approval hearing, or else the Parties agree that any attempted rescission shall be without effect. *Id.* Rescission or setting aside is effective only if and when notice of same is filed with the Court and on counsel of record. *Id.* In the event that a Party chooses to exercise its right to rescind, the Agreement shall be deemed void *ab initio* and the Parties shall be deemed to be in the same position as existed prior to its execution. *Id.*

      l.      <u>Remainder</u>. As indicated in the Agreement, checks issued to the Class members will be void 181 days after issuance; any funds from void checks will be returned to Nationwide. Agreement ¶ 13.

## C. THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT.

      7.      "The law favors settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation." *In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 784 (3d Cir.1995); *see also Newberg on Class Actions* § 11.41

10

(Fourth) (2002) ("The compromise of complex litigation is encouraged by the courts and favored by public policy."). There is a "strong presumption in favor of voluntary settlement agreements." *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 311 (3d Cir. 2011) (*citing Ehrheart v. Verizon Wireless*, 609 F.3d 590, 594 (3d Cir. 2010)). "This presumption is especially strong in class actions and other complex cases ... because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by the federal courts." *Id.*

8. Pursuant to Rule 23 (e), in order for a court to approve a class settlement, it must find that the settlement is fair, reasonable and adequate. *See In re Gen. Motors Corp.,* 55 F.3d at 785. Fed. R. Civ. P. 23 (e) ("A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.")

9. Judicial review of a proposed class settlement generally requires two hearings: one preliminary approval hearing and one final "fairness" hearing. *Gates v. Rohm and Haas Co.*, 248 F.R.D. 434, 439 (E.D. Pa. 2008). *See also In re American Investors Life Ins. Co. Annuity Marketing and Sales Practices Litigation*, 263 F.R.D. 226 (E.D. Pa. 2009). The preliminary approval decision is not a commitment approve the final settlement; rather, it is a determination that "there are no obvious deficiencies and the settlement falls within the range of reason." *Id.*, citing *Smith v. Professional Billing & Management Services, Inc.,* 2007 WL 4191749, at *1 (D.N.J.2007) (*citing In re Nasdaq Market-Makers Antitrust Litig.,* 176 F.R.D. 99,

11

102 (S.D.N.Y.1997); *Manual for Complex Litigation,* § 21.632 (4th ed.2006)). "Preliminary approval is not binding, and it is granted unless a proposed settlement is obviously deficient." *Id.* Once the Court preliminarily approves a settlement, notice of the proposed settlement and the fairness hearing is provided to class members. At the final "fairness" hearing, class members may formally object to the proposed settlement.

10. The preliminary approval determination requires the Court to consider whether "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." *In re Linerboard Antitrust Litigation,* 292 F. Supp. 2d 631, 638 (E.D. Pa. 2003) (*citing In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation,* 55 F.3d 768, 785-86 (3d Cir. 1995)); *see also In re Cendant Corp. Litigation,* 264 F.3d 201, 233 n. 18 (3d Cir. 2001). If, after consideration of those factors, a court concludes that the settlement should be preliminarily approved, "... an initial presumption of fairness ..." is established. *In re Linerboard,* 292 F. Supp. 2d at 638 (*citing In re Gen. Motors Corp.,* 55 F.3d at 785).

11. Here, the settlement resulted from good faith, arms-length negotiations between adversaries with an understanding of the strengths and weaknesses of their respective positions in this case. In the four years of litigation since this case was commenced in 2010, counsel have demonstrated vigorous and independent lawyering in all respects, and the Court has no reason to doubt that

the same is true with respect to their proposed settlement. The settlement negotiations included mediation before Magistrate Judge Perkin, an experienced mediator. In addition, the proponents of the settlement, counsel for the settling parties, are experienced in class action and similar litigation. Following those negotiations, and pursuant to the Agreement, those members of the class who submit an approved Claim Form stand to receive a check in the amount of $278.38: an amount more than 50% of the statutory damage award a person can receive under the TCPA, 47 U.S.C. 227 (b) (3).

    Procedurally, the case is at a relatively late stage, as the parties engaged in substantial discovery and motion practice, and the Court certified a class only after extensive briefing and an evidentiary hearing. Certainly, the parties conducted sufficient discovery to estimate the merit and value of the case against Defendants and reach a reasonable settlement. Further, there are risks attendant to further litigation in this matter, and substantial delay and expense. The decision to settle is reasonable in light of the risks of continued litigation. If the parties do not settle now, the next procedural step is trial.  Then, the parties would likely participate in one or more appeals. Because Defendants have insubstantial assets other than insurance, and because their insurer (Nationwide) has agreed to put aside its arguments against coverage in order to resolve the entire controversy, there is considerable risk for the class in continuing to pursue the claims in this action. Settlement avoids all of that time, expense, and uncertainty.

    12.    For these reasons, the Court should preliminarily approve the

settlement, so the parties can notify the class about its terms and ascertain whether any object. Additionally, the parties will notify (or have notified) the various government officials and they, too, will have an opportunity to object to the settlement if they choose. CAFA, 28 U.S.C. 1715 (b).

### D. NOTICE

13. The Court should approve the parties' proposed notice and its dissemination by fax. *See* Exhibit 2 to the Agreement. Under federal law, notice of the settlement must satisfy due process. *Maher v. Zapata Corp.*, 714 F. 2d 436, 450-453 (5th Cir. 1983); *Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F. 2d 956, 963 (3d Cir. 1983). The Court is vested with wide discretion both as to the manner in which notice is given and the form the notice takes. 7B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005).

14. Rule 23 (e) (1) requires that notice of a settlement be provided "in a reasonable manner." Here, the parties have agreed to a reasonable manner of notice by sending it by fax to the fax numbers involved in this litigation. For any notice transmission that is unsuccessful after three attempts by facsimile, the Settlement Administrator will send the notice by mail to the name and address that was associated with the subject fax number in the 2006 broadcaster's records, as specified by Plaintiff's expert, Robert Biggerstaff. The notice will be sent on or before March 6, 2015, or otherwise when instructed by the Court. The one-page Proof of Claim selected by the Court (either Exhibit B or Exhibit C) will be delivered with the notice, so the class members can claim a share of the settlement funds by

14

fax or mail as they choose.

15. The notice meets the legal standards for appropriate notice and satisfies Rule 23 (e). The contents are stated clearly and concisely in plain, easily understood language, and describe: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that the court will exclude from the class any member who requests exclusion; (v) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23 (c) (3).

16. Therefore, the Court should approve the proposed notice and authorize its dissemination to the class.

E. FINAL APPROVAL HEARING

17. Finally, Plaintiff requests that the Court schedule a final "fairness" hearing to provide a forum for the proponents and any opponents of the settlement to voice opinions or objections about the settlement. The parties' proposed *Final Order and Judgment* is attached as Exhibit 5 to the Agreement. By July 1, 2015, Plaintiff will submit a brief urging final approval of the settlement pursuant to the approval standards established by the Third Circuit.

WHEREFORE, Plaintiff, Hawk Valley, Inc., respectfully requests that the Court enter a preliminary approval order in the form attached as Exhibit 1 to the attached Settlement Agreement that: (1) grants preliminary approval to the parties' proposed settlement; (2) directs the parties to send the class members notice of the settlement in the form attached as Exhibit 2 to the Agreement by fax or, where fax

fails, by U.S. Mail; (3) selects the Proof of Claim form that the Settlement Administrator shall send to the class members with that class notice; (4) sets dates for opt-outs and objections by class members (the parties suggest April 20, 2015); and (5) schedules the final "fairness" hearing for the date and time previously scheduled in the Court's order of January 12, 2015 (Doc. 183), August 6, 2015 at 10:00 o'clock a.m. in Courtroom 4B, Edward N. Cahn United States Courthouse, 504 West Hamilton Street, Allentown, Pennsylvania.

Dated: January 27, 2015

Respectfully submitted,

HAWK VALLEY, INC., individually and as the representative of a class of similarly-situated persons

/s/ Alan C. Milstein

Alan C. Milstein
Sherman, Silverstein, Kohl,
Rose & Podolsky
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: 856/662-0700
AMilstein@shermansilverstein.com

Brian J. Wanca (pro hac vice)
David M. Oppenheim (pro hac vice)
Anderson + Wanca
3701 Algonquin Road, Ste 760
Rolling Meadows, IL 60008
Telephone: (847) 368-1500

Phillip A. Bock (pro hac vice)
Bock & Hatch, LLC
134 N. La Salle St., Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500
phil@bockhatchllc.com

16

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that this brief was filed on January 27, 2015, using the Court's CM/ECF system, which automatically serves a copy on each counsel of record.

                                           /s/ Alan C. Milstein