# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between Hawk Valley, Inc. ("Plaintiff"), on behalf of itself and a class of similarly-situated persons (identified herein as the "Class"), defendants Elaine G. Taylor and Environmental Process Systems, Inc. ("Defendants"), and Defendants' insurer Nationwide Mutual Insurance Company ("Nationwide"), successor by merger to Harleysville Mutual Insurance Company ("Harleysville"). The signatories to this Settlement Agreement may be collectively referred to herein as the "Parties" or individually referred to herein as a "Party."

**WHEREAS**, Plaintiff filed a class action against Defendants in the United States District Court for the Eastern District of Pennsylvania, styled *Hawk Valley, Inc. v. Elaine G. Taylor, et al.*, Case No. 5:10-cv-00804-JKG ("the Litigation"); and

**WHEREAS**, Plaintiff alleged in the Litigation that Defendants violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and FCC regulations by sending advertisements by facsimile without the prior express invitation or permission of Plaintiff or the putative class members, or without the required opt-out notice; and

**WHEREAS**, Defendants have denied all liability for the claims made in the Litigation; and

**WHEREAS**, Plaintiff contends that Defendants' advertisement was successfully sent by fax to 4,521 different fax numbers in June 2006; and

**WHEREAS**, the Court certified a class for litigation purposes and over Defendants' objections; and

**WHEREAS,** Harleysville had insured Defendants for the period including June 2006 and Nationwide subsequently became a successor in interest to Harleysville; and

**WHEREAS**, Defendants tendered their defenses to Harleysville/ Nationwide and Defendants were provided a defense under reservation of rights; and

**WHEREAS**, the parties were ordered to participate in mediation before the Honorable Magistrate Judge Henry S. Perkin, who was successful in mediating the settlement agreed herein; and

**WHEREAS**, without admitting or conceding any wrongdoing or liability, and solely to avoid the inconvenience and expense of further litigation, Defendants agree herein to settle all claims, demands, and liabilities between Defendants, Plaintiff and the Class, including all claims that have been asserted, or could have been asserted, in the Litigation; and

**WHEREAS**, without conceding that Harleysville's policy covers the claims in the Litigation, and solely to avoid the inconvenience and expense of further litigation, Nationwide agrees herein to make funds available to settle the Litigation, subject to Court approval, through payments to class members who submit approved claims, payment of attorney's fees and up to $40,000 of out-of-pocket litigation expenses to Plaintiff's counsel, payment of an incentive award to

Plaintiff, and payment of the costs of notifying the Class and administering the settlement; and

**WHEREAS**, without conceding the merits of Defendants' defenses or Nationwide's coverage positions, Plaintiff and Class Counsel have concluded that the terms and conditions provided in this Settlement Agreement are fair, reasonable, adequate, and in the best interests of the Class as a means of resolving this Litigation, after considering (1) the benefits the Class will receive under this settlement, (2) the fact that Defendants have demonstrated that they will vigorously oppose the claims asserted in the Litigation if the settlement is not approved, (3) insurance coverage issues raised by Harleysville/Nationwide, and (4) the attendant risks, costs, uncertainties, and delays of litigation; and

**WHEREAS,** the Parties negotiated this Settlement Agreement in good faith and at arm's length; and

**WHEREAS**, the Parties stipulate and agree that the claims of Plaintiff and the other members of the Class should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions:

1. <u>Settlement</u>. This Settlement Agreement is entered into to resolve all disputes among Defendants and Nationwide/Harleysville, on the one hand, and Plaintiff and the Class on the other. The assertions, statements, agreements and representations made herein are for purposes of settlement only and the Parties expressly agree that, if the settlement is not finally approved, this Settlement Agreement is null and void and may not be used by any of the Parties for any

reason.

2.   <u>The Class</u>. For settlement purposes only, the Parties jointly agree to certification of the following class: "All persons sent one or more faxes on or about June 17, 2006 from 'Environmental Process Systems, Inc.' that advertised 'EPSI's Grass Grab-er' as a 'New way to treat your equipment wash water'" (the "Class"). Excluded from the Class are Defendants, Nationwide, and Harleysville, along with their parents, subsidiaries, affiliates and controlled persons, including their officers, directors, agents, servants or employees, and the immediate family members of such persons, the named counsel in this Litigation (including any member of their office or firm), the fax broadcaster involved, any licensed insurance company, and the members of the federal judiciary.

3.   <u>Class Representation</u>. For settlement purposes only, the Parties consent to Plaintiff's appointment as the "Class Representative" and to the appointments of Phillip A. Bock of Bock & Hatch, LLC, Brian J. Wanca of Anderson + Wanca, and Alan C. Milstein of Sherman, Silverstein, Kohl, Rose & Podolsky, P.A. as "Class Counsel."

4.   <u>Preliminary Approval and Class Notice</u>. Plaintiff will file a motion for entry of an order preliminarily approving this settlement. In the motion, Plaintiff will request that the Court enter an "Order Preliminarily Approving Class Action Settlement and Approving Class Notice" in the form attached hereto as Exhibit 1 (the "Preliminary Approval Order"). Additionally, Plaintiff will request that the Court approve a "Notice of Class Action and Proposed

Settlement" in the form attached hereto as Exhibit 2 (the "Notice"), and request that the Court permit the parties to send that notice to the Class by facsimile transmission, and by U.S. mail to any class member to which facsimile transmission is unsuccessful after three (3) attempts. Included with the Notice will be a claim form class members will use to submit claims. As described in Paragraph 9 below, the parties will submit two alternate claim forms to the Court to choose one.

5. <u>Settlement Funding</u>. Nationwide agrees to pay all sums due under this Settlement Agreement. Nationwide shall not be responsible for any payment or obligation not specified in this Settlement Agreement. Except through their insurance with Nationwide, Defendants are not required to make any payments. The fact of this Agreement does not constitute an admission by Nationwide with respect to the issue of insurance coverage for the indemnification of Defendants for the claims and shall not be admissible in any other litigation including any action with respect to insurance coverage for the claims in this case. Nationwide's execution of this Agreement for funding purposes shall not provide the basis for any direct action by the Class against it and may not be used for the purpose of jurisdiction or venue in any forum.

6. <u>CAFA Notices</u>. Within 10 days after this Agreement is filed with the Court, Defendants' counsel will cause the notice of the settlement required by the Class Action Fairness Act, 28 U.S.C. 1715 (b), to be issued to the Attorney General for the United States, as well as the attorneys general of Alaska,

Alabama, Arkansas, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Illinois, Indiana, Kentucky, Louisiana, Maine, Massachusetts, Maryland, Michigan, Mississippi, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Virginia, Vermont, and West Virginia.

7.     The Settlement Administrator. Defendants shall hire a third-party claims administrator with the approval of Class Counsel, such approval not to be unreasonably withheld, to be paid by Nationwide, and that "Settlement Administrator" will issue the class notice, receive the claim forms, assist class members in completing and submitting forms, and provide a list of accepted and rejected claims to the Parties' counsel. Upon request, the Settlement Administrator will provide copies of the submitted claims to the Parties' counsel. The Settlement Administrator's decision about the validity of claims shall be final and binding on the Parties. Nationwide will pay the Settlement Administrator even if this settlement is not approved by the Court or is canceled or rescinded by a Party (as permitted herein).

8.     Notice to the Class. The Parties will cause the Settlement Administrator to send the Notice by facsimile to the subject fax numbers of the Class members identified in the Expert Report of Robert Biggerstaff ("the Biggerstaff Report"). For any notice transmission that is unsuccessful after three attempts by facsimile, the Settlement Administrator will send the notice by mail to the name and address corresponding to the subject fax number in the

broadcaster's records, as specified by Robert Biggerstaff. Notice shall be sent on or before March 6, 2015, or otherwise when instructed by the Court.

9. <u>The Proof of Claim Form</u>. The Parties have been unable to agree about whether the Proof of Claim should require that a claimant state its tax identification number. Instead, the Parties have agreed to ask the Court to decide which of two Proof of Claim forms should be used. Defendants' proposed Proof of Claim is attached as Exhibit 3 and Plaintiff's is attached as Exhibit 4. Plaintiff and Defendants reserve all rights to argue to the Court in favor of their respective preferred claim form. Class members will have 45 days from the Court ordered deadline for issuing Notice to submit claims. Failure to submit the claim form within 45 days shall deem the claim form as rejected; claims submitted after this 45 days date shall be forever barred.

10. <u>Claims Handling by the Settlement Administrator</u>. The Settlement Administrator will mail each member of the Class who submitted an approved Claim Form a check in the amount of $278.38 for each of Defendants' faxes that were sent to the claimants' fax numbers, as established by the Biggerstaff Report. Any fax number(s) included on a claim form that do not match fax number(s) listed on the Biggerstaff Report will be rejected without any notice due the claimant. The Settlement Administrator may assist class members in the completion of claim forms and is empowered to respond to class members' inquiries for that purpose. The Settlement Administrator shall determine whether a Class Member has submitted a valid and timely Proof of Claim form

(an "Approved Claim"). The Settlement Administrator's decision shall be final. The Settlement Administrator will provide a list of accepted and rejected claims to counsel for the parties no later than 14 days following the expiration of the claim submission deadline. Upon request, the Settlement Administrator will provide copies of all claim forms to counsel for the Parties.

11.     <u>Final Approval</u>. The Court has scheduled the final fairness hearing for August 6, 2015 at 10:00 a.m., at which the Parties will request that the Court enter a "Final Order and Judgment" in the form attached hereto as Exhibit 5 (the "Final Approval Order").

12.     <u>Incentive Award and Attorneys' Fees</u>. Subject only to the Court's approval, Nationwide has agreed to pay Plaintiff an incentive award of $15,000.00 for representing the Class. Additionally, and also subject only to the Court's approval, Nationwide has agreed to pay Class Counsel $667,000.00 of attorneys' fees, plus their reasonable out-of-pocket expenses not to exceed $40,000.00. Neither Defendants nor Nationwide will object to a request for these amounts, nor will Defendants or Nationwide appeal any award of these amounts.

13.     <u>Timing for Payment</u>. On the calendar date 5 business days after the last of the following occur: (i) the Court enters a Final Approval Order, dismissing with prejudice the claims of all Class members (including Plaintiff, Hawk Valley, Inc.) who do not properly exclude themselves; and, (ii) the date for filing an appeal from such Final Approval Order has expired or, if there is an appeal, the settlement and judgment has been affirmed in all material respects

by the appellate court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review, Nationwide will send funds sufficient to pay the incentive award and the attorney's fees and expenses by wire transfer to the "Bock & Hatch, LLC Client Trust Account - Taylor," and send funds to the Settlement Administrator sufficient to pay the Approved Claims. Checks issued to the Class members will be void 181 days after issuance.  Funds from void checks will be returned to Nationwide.

14.     <u>Releases</u>. Subject to and effective upon entry of the Final Approval Order, all class members, including Plaintiff, who do not opt out of the proposed Class ("the Releasors") in the manner required in the Notice, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, release and forever discharge Defendants and their insurer Nationwide Mutual Insurance Company (and each of Defendants' and Nationwide's current and former parents, subsidiaries, affiliates, controlled companies, officers, directors, shareholders, employees, predecessors, successors, assigns, agents and attorneys) from any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, that have been, could have been, or in the future might be asserted that arise out of or relate to Defendants' transmission of advertisements by facsimile on or about June 17, 2006 (the "Released Claims").

If any Releasor resides in California or is otherwise subject to California law, then such Releasor hereby waives all rights under Section 1542 of the Civil Code of California, which reads as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." Notwithstanding the provisions of Section 1542 or any similar law of any other state, and to provide a full and complete release of Released Parties, the Releasors expressly acknowledge that this Settlement Agreement is intended to include, without limitation, in addition to the Released Claims, all claims which the Releasors do not know or suspect to exist in their favor at the time of execution of this document, and agree that the settlement agreed upon completely extinguishes all such claims.

Each of the releases in this Paragraph 14 may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to any of the Released Claims.  The Parties fully agree that this Agreement may be pleaded as necessary for the purpose of enforcing this Agreement in any court of competent jurisdiction.

15. <u>Agreement Contingent Upon Entry of Final Approval</u>.  This Agreement is expressly contingent on (i) final approval by the Court, which is no longer subject to appeal and (ii) the final, non-appealable dismissal of the litigation with prejudice. With the exception of certain class administration

expense, no payments shall be made under this Agreement until five business days after the last of the following occur: (i) the Court enters a Final Approval Order, dismissing with prejudice the claims of all Class members (including Plaintiff, Hawk Valley, Inc.) who do not properly exclude themselves; and, (ii) the date for filing an appeal from such Final Approval Order has expired or, if there is an appeal, the settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review.

If the Court refuses to grant final approval of the terms of the settlement set forth herein, or if the Court's Final Approval Order is reversed or materially modified on appeal, then this Settlement Agreement shall be null and void and neither the fact that this Settlement Agreement was made nor any stipulation, representation, agreement or assertion made in this Settlement Agreement may be used against any Party.

16.     <u>Notices</u>. Requests for exclusion, objections to the Agreement or settlement, and notices under or pursuant to this Settlement Agreement shall be sent to:

    Brian J. Wanca
    Anderson + Wanca
    3701 Algonquin Road, Suite 760
    Rolling Meadows, IL 60008

    Phillip A. Bock
    Bock & Hatch, LLC
    134 N. La Salle Ave., Suite 1000
    Chicago, IL 60602

Francis J. Deasey, Esq.
Deasey, Mahoney & Valentini Ltd.
1601 Market Street, Suite 3400
Philadelphia, PA 19103

Thomas F. Reilly
The Chartwell Law Offices LLP
One Logan Square
130 N. 18th St., 26th Fl.
Philadelphia, PA 19103

William T. Salzer
Swartz Campbell LLC
50 S. 16th St.
Philadelphia, PA 19102

17.    <u>Court Submission</u>. Class Counsel will submit this Settlement Agreement and the Exhibits hereto, along with such other supporting papers as may be appropriate, to the Court for preliminary approval. If the Court declines to grant preliminary approval and to order notice to the Class, or if the Court declines to grant final approval to this settlement after such notice and hearing, this Settlement Agreement will terminate as soon as the Court enters an order unconditionally and finally adjudicating that this Settlement Agreement and settlement will not be approved.

18.    <u>Conditions Precedent</u>. This Settlement Agreement is expressly contingent on (i) final approval by the Court pursuant to Federal Rule of Civil Procedure 23, which is no longer subject to appeal, (ii) the final, non-appealable dismissal of the Litigation, with prejudice and without costs, and (iii) the non-exercise of the right of rescission of Paragraph 19. In the event that one or more of the foregoing does not occur, this Settlement Agreement shall be deemed void *ab initio* and the Parties shall be deemed to be in the same position as existed

prior to the execution of this Settlement Agreement with the same status *quo ante* rights as existed prior to the execution of this Settlement Agreement, and all other understandings and agreements between the Parties relating to the Settlement shall be deemed to be null and void and of no force and effect.

19. <u>Right to Rescind</u>. Any Party shall have the right, but not the obligation, to void or rescind this Settlement Agreement if any of the following events occurs: (a) the Court does not preliminarily approve the settlement without material modifications to this Agreement; (b) there are material modifications made to this Agreement by the Court, by any other court, or by any tribunal, agency, entity, or person that are not accepted by any Party; (c) any objection to the settlement is sustained by the Court, regardless of any right to appeal; or (d) for any other reason the exercising Party or Signatory deems appropriate in its sole discretion. The right to void or rescind under subparagraphs (a) or (d) must be exercised, if at all, no later than 14 days before the date identified in the Class Notice as the date of the final approval hearing, or else the Parties agree that any attempted rescission shall be without effect. Rescission or setting aside is effective only if and when notice of same is filed with the Court and on counsel of record. In the event that a Party chooses to exercise its right to rescind, the Settlement shall be deemed void *ab initio* and the Parties shall be deemed to be in the same position as existed prior to the execution of this Settlement Agreement. Should any Party execute the option to rescind, the other Parties agree that right was the result of a mutually negotiated

resolution and that such decision and action shall not be admissible in any other litigation, including any action with respect to claims for insurance coverage in this matter.

20.   <u>Integration Clause</u>. This Settlement Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose. This Settlement Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by acknowledged written consideration.

21.   <u>Headings</u>. Headings contained in this Settlement Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Settlement Agreement.

22.   <u>Binding and Benefiting Others</u>. This Settlement Agreement shall be binding upon and inure to the benefit or detriment of the Parties and the members of the Class who do not opt out, and to their respective agents, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, heirs, executors, assigns, and successors in interest.

23.   <u>Representations and Warranties</u>. The Parties each further represent, warrant, and agree that, in executing this Settlement Agreement, they do so with full knowledge of any and all rights that they may have with respect to

the claims released in this Settlement Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts. Each of the individuals executing this Settlement Agreement warrants that he or she has the authority to enter into this Settlement Agreement and to legally bind the party for which he or she is signing.

24.     Governing Law.  The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of Pennsylvania, without regard to its conflict of laws and/or choice of law provisions.

25.     <u>Mutual Interpretation</u>. The Parties agree and stipulate that this Settlement Agreement was negotiated on an arm's-length basis between Parties of equal bargaining power. Also, Class Counsel and counsel for Defendants have drafted this Settlement Agreement jointly. Accordingly, no ambiguity shall be construed in favor of or against any of the Parties.

26.     <u>No Admission of Liability</u>. Defendants have agreed to the terms of this Settlement Agreement to end all controversy with Plaintiff and the Class and to avoid the burden and expense of litigation, without in any way acknowledging fault or liability. Defendants have denied and continue to deny all charges of liability or wrongdoing by Defendants or any of the Released Parties. As a result, this Settlement Agreement may not be construed, in whole or in part, as an admission of fault or liability to any person by Defendants or by any of the

Released Parties, nor shall this Settlement Agreement or any part thereof be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing of any kind by Defendants or any of the Released Parties. Additionally, the fact of this Settlement Agreement does not constitute an admission by Nationwide with respect to the issue of insurance coverage for the indemnification of Defendants for the claims and shall not be admissible in any other litigation including any action with respect to insurance coverage for the claims in this case.

27.     <u>Incorporation of Recitals</u>. Each of the Recitals stated above are hereby incorporated into this Settlement Agreement as if stated fully herein.

28.     <u>Counterparts</u>. This Settlement Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Facsimile and .pdf signatures shall bind the Parties to this Settlement Agreement as though they are original signatures.

29.     <u>Severability</u>. In the event any one or more of the provisions contained in this Settlement Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written stipulation to be filed with the Court within twenty (20) days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Settlement Agreement.

30.     <u>Continuing Jurisdiction</u>. Without affecting the finality of the final judgment, the Court shall retain continuing jurisdiction over the Litigation and the Parties, including all members of the Class, the administration and enforcement of this Settlement Agreement and the settlement, and the benefits to the Class hereunder, including for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Settlement Agreement, the order preliminarily approving the settlement, the Final Approval Order and final judgment, hearing and determining an application by Class Counsel for an award of fees and expenses, and the distribution of settlement proceeds to the Class. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of this Settlement Agreement shall be presented by motion to the Court.

THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK

**IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be executed on the date set forth beside their respective signatures.

DATED: _____     HAWK VALLEY, INC., on behalf of itself and the Class

By: _____

Its: _____

DATED: _____     ENVIRONMENTAL PROCESS SYSTEMS, INC.

By: _____

Its: _____

DATED: _____     ELAINE G. TAYLOR

By: _____

Its: _____

DATED: _____     NATIONWIDE   MUTUAL   INSURANCE COMPANY

By: _____

Its: _____

**IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be executed on the date set forth beside their respective signatures.

DATED: 1/27/15                    HAWK VALLEY, INC., on behalf of itself and
                                  the Class

                                  By:  _____

                                  Its:  _____


DATED: _____            ENVIRONMENTAL PROCESS SYSTEMS, INC.

                                  By:  _____

                                  Its:  _____


DATED: _____            ELAINE G. TAYLOR

                                  By:  _____

                                  Its:  _____


DATED: _____            NATIONWIDE     MUTUAL     INSURANCE
                                  COMPANY

                                  By:  _____

                                  Its:  _____


18 of 18

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed on the date set forth beside their respective signatures.

DATED: _____        HAWK VALLEY, INC., on behalf of itself and the Class

                                By:   _____

                                Its:  _____


DATED: _____        ENVIRONMENTAL PROCESS SYSTEMS, INC.

                                By:   _____

                                Its:  _____


DATED: _____        ELAINE G. TAYLOR

                                By:   *Elaine G. Taylor*

                                Its:  _____


DATED: _____        NATIONWIDE     MUTUAL     INSURANCE COMPANY

                                By:   _____

                                Its:  _____


18 of 18

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed on the date set forth beside their respective signatures.

DATED: _____      HAWK VALLEY, INC., on behalf of itself and the Class

By: _____

Its: _____


DATED: _____      ENVIRONMENTAL PROCESS SYSTEMS, INC.

By: _____

Its: _____


DATED: _____      ELAINE G. TAYLOR

By: _____

Its: _____


DATED: 1-21-15      NATIONWIDE MUTUAL INSURANCE COMPANY

By: _____

Its: Field Consultant - Com/Casualty

Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAWK VALLEY, INC., individually and as the representative of a class of similarly-situated persons, | )<br>)<br>) |
| | ) No. 5:10-cv-00804-JKG |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| ELAINE G. TAYLOR and ENVIRONMENTAL PROCESS SYSTEMS INC., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT AND APPROVING CLASS NOTICE**

This matter coming before the Court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement Agreement and Notice to the Class, the Court being fully advised in the premises, IT IS HEREBY ORDERED as follows:

1.     Pursuant to Fed. R. Civ. P. 23, and by agreement of the parties, the Court hereby certifies the following class: "All persons sent one or more faxes on or about June 17, 2006 from 'Environmental Process Systems, Inc.' that advertised 'EPSI's Grass Grab-er' as a 'New way to treat your equipment wash water'" (the "Class"). (The Court previously certified a class with a substantially similar definition (only substituting "on or about" for "on") over Defendants' objections. Docs. 141 & 142). Excluded from the Class are Defendants, Nationwide, and Harleysville, along with their parents, subsidiaries, affiliates and controlled persons, including their officers, directors, agents, servants or employees, and the immediate family members of such persons, the named counsel in this Litigation

(including any member of their office or firm), the fax broadcaster involved, any licensed insurance company, and the members of the federal judiciary.

The Court finds that the above settlement class definition satisfies the requirements of Rule 23 in the context of the proposed settlement because: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are common questions of fact or law that predominate over any questions affecting only individual members; (3) the representative party will fairly and adequately protect the interests of the class; and (4) a class action is an appropriate method for the fair and efficient adjudication of the controversy.

As agreed by the Parties, the Court appoints plaintiff, Hawk Valley, Inc., as the "Class Representative" and appoints Brian J. Wanca of Anderson + Wanca, Phillip A. Bock of Bock & Hatch, LLC, and Alan C. Milstein of Sherman, Silverstein, Kohl, Rose & Podolsky, P.A. as "Class Counsel."

2.    The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length.   Pursuant to Rule 23, the Court preliminarily approves the settlement of this action, as embodied in the terms of the Settlement Agreement, as fair, reasonable, and in the best interests of all those who will be affected by it.

3.    The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

4.    The parties have asked the Court to resolve their disagreement about the substance of the Proof of Claim to be completed by members of the Class.

Defendants ask that class members be required to state their tax identification number on the claim form. Plaintiff opposes the inclusion of that requirement. Having considered the submissions of the parties on this issue, the Court orders that the parties use <u>Defendants'/Plaintiff's</u> claim form and send that version with the Notice.

5.     The Settlement Agreement proposes notice to the Class by fax in the form of Exhibit 2 to the Settlement Agreement, with a single direct mailing by U.S. mail to any Class member who cannot be reached by fax after three attempts. The Court finds that this notice plan is reasonable and satisfies Rule 23 and the requirements of due process under the United States Constitution. The plan is approved and adopted. The Court orders the parties to provide these notices to the Class through the third-party claims administrator as proposed on or before March 6, 2015.   The Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies or exceeds the requirements of Rule 23 and due process.

6.     The Court sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate these deadlines and dates in the Class Notice:

(a)     Requests by any Class member to opt out of the settlement must be filed with the Clerk of Court on or before April 20, 2015, or be forever barred;

(b)     Class Members who wish to object to the fairness, reasonableness or adequacy of the Settlement or wish to intervene are

required to serve written request for such objections or intervention and all supporting memoranda shall be filed in this Court and postmarked and served on Class Counsel and Defendants' counsel on or before April 20, 2015, or be forever barred; and

(c)   Memoranda in support of final approval and responding to objections by attorneys general and class members (if any) due by July 1, 2015.

7.   The Fairness Hearing is hereby scheduled for August 6, 2015, at 10:00 a.m., in Courtroom 4B of the U.S. District Court for the Eastern District of Pennsylvania, 504 W. Hamilton Street, Allentown, PA 18101.

8.   If (i) the Settlement Agreement is terminated pursuant to its terms; or (ii) the Settlement Agreement, Preliminary Approval Order, and Final Approval Order are reversed, vacated, or modified in any material respect, then (a) all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all other relevant portions of this Order, and, (b) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose.  If the settlement does not become final in accordance with the terms of the Settlement Agreement, then the Preliminary and/or Final Approval Orders shall be void and shall be deemed vacated.

9.   The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the settlement Class.


ENTER:


_____

Judge James Knoll Gardner

Exhibit 2

**THIS IS A NOTICE OF A LAWSUIT SETTLEMENT.**
**You may benefit from this. Please read it carefully. You are not being sued.**
_____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HAWK VALLEY, INC., a Pennsylvania corporation, individually and as the representative of a class of similarly-situated persons, Plaintiff, | ) ) ) | |
| | ) | No. 5:10-cv-00804-JKG |
| v. | ) | |
| | ) | |
| ELAINE G. TAYLOR and ENVIRONMENTAL PROCESS SYSTEMS, INC., Defendants. | ) ) | |

**NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT**

TO:  All persons sent one or more faxes on or about June 17, 2006 from "Environmental Process Systems, Inc." that advertised "EPSI's Grass Grab-er" as a "New way to treat your equipment wash water." (referred to in this Notice as the "Class")

**A.     WHY HAVE YOU RECEIVED THIS NOTICE?** The Court ordered us to send you this Notice because you may be a member of the Class defined above. This Notice explains the nature of the lawsuit and the settlement terms and informs you of your legal rights and obligations. If you are a member of the Class, you are eligible to claim your share of the monetary benefits offered in this Settlement. You must submit a Claim Form (attached) to receive a monetary payment.

**B.     WHAT IS THIS LAWSUIT ABOUT?** You were notified about this lawsuit in 2014, after the Court certified a class.  The lawsuit is about advertisements Elaine G. Taylor and Environmental Process Systems, Inc. ("Defendants") allegedly sent by fax during June 2006.  On behalf of itself and class of similarly-situated persons, Plaintiff alleged that Defendants violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by faxing advertisements to the Class without their prior express invitations or permission to do so.  Defendants denied Plaintiff's material allegations and raised defenses to Plaintiff's claims.  This description is general and does not cover all of the issues and proceedings.

**C.     WHAT IS THE PROPOSED SETTLEMENT?** Without admitting any fault or liability, and in exchange for a release of all claims against it, if the Settlement is finally approved, Defendants' insurer has agreed to send a check to each person who submits a timely and valid Proof of Claim form.  Subject to the conditions of the Settlement Agreement, approved claims will be paid at the rate of $278.38 for each of Defendants' faxes that were sent to the claimants' fax numbers, as established by the fax broadcaster's records in possession of Plaintiff's expert witness. Class Counsel estimates that there are 4,518 Class Members. Most fax numbers received only one such fax. Defendants' insurer also has agreed to pay an incentive award to Plaintiff for serving as the class representative and to pay the attorney's fees and expenses of Plaintiff's counsel, as stated below and subject to the Court's approval.

**D.    WHAT ARE YOUR FOUR OPTIONS?**

**1.    Return a completed Proof of Claim form.** To receive a share of the Settlement Fund, you must return a completed and signed Proof of Claim postmarked on or before _____, 2015. The Proof of Claim is attached to this Notice. You may return it by fax or U.S. mail. If your Proof of Claim is approved, you will be mailed a check for your share of the settlement funds at the address you identified on the Proof of Claim. You will be bound by the judgment and you will release your claims against Defendants arising out of or relating to Defendants' sending of fax ads on or about June 17, 2006.

**2.    Do nothing and receive nothing.** If you do nothing, you will remain a member of the Class but you will not receive a share of the settlement funds. You will be bound by the judgment and you will release your claims against Defendants arising out of or relating to Defendants' sending of fax ads on or about June 17, 2006.

**3.    Exclude yourself from the Class and the settlement.** You have the right to exclude yourself from both the class action and the settlement by filing a written request for exclusion with the Clerk of the U.S. District Court for the Eastern District of Pennsylvania, 504 W. Hamilton Street, Allentown, PA 18101. Your request for exclusion must be postmarked on or before April 20, 2015, and it must list your name, fax number(s), street address, and the name and number of this case.  You must also mail copies of your request for exclusion, postmarked by the same date, to Brian J. Wanca, Anderson + Wanca, 3701 Algonquin Road, Suite 760, Rolling Meadows, IL 60008, Francis Deasey, Deasey, Mahoney & Valentini, 1601 Market St., Ste. 3400, Philadelphia, PA 19103, and Thomas F. Reilly, The Chartwell Law Offices, One Logan Square, 130 N. 18th St., 26th Fl., Philadelphia, PA 19103.

**4.    Object to the settlement in writing.** If you object to the settlement, and wish to submit an objection rather than excluding yourself from the class action, you must submit your objection in writing to the Clerk of the U.S. District Court for the Eastern District of Pennsylvania, 504 W. Hamilton Street, Allentown, PA 18101. Your objection must be postmarked by April 20, 2015. You must also serve a copy of your objection and any supporting memoranda or materials on each of the attorneys for the Class and for Defendants, postmarked by the same date and addressed as follows:

For the Class:
Brian J. Wanca
Anderson + Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008

Phillip A. Bock
Bock & Hatch, LLC
134 N. La Salle Ave., Suite 1000
Chicago, IL 60602

For Defendants:
Francis J. Deasey, Esq.
Deasey, Mahoney & Valentini Ltd.
1601 Market Street, Suite 3400
Philadelphia, PA 19103

Thomas F. Reilly
The Chartwell Law Offices LLP
One Logan Square
130 N. 18th St., 26th Fl.
Philadelphia, PA 19103

Any objection must include your name, fax number(s), and street address, the name and number of this case, a list of all other class action cases in which you or your counsel have filed objections to settlements, and a statement of the reasons why you believe that the Court should find that the proposed settlement is not in the best interests of the Class.  Please note that it is not sufficient to simply state that you object. You must state the reasons why you believe the settlement should not be approved.  If you file an objection and wish it to be considered, you must also appear at the final approval hearing before Judge Gardner in Courtroom 4B of the U.S. District Court for the Eastern District of Pennsylvania, 504 W. Hamilton Street, Allentown, PA 18101.

**E.** **WILL THE COURT APPROVE THE SETTLEMENT?** The Court has preliminarily approved the parties' settlement and it will conduct a final approval hearing on August 6, 2015 at 10:00 a.m., in Courtroom 4B of the U.S. District Court for the Eastern District of Pennsylvania, 504 W. Hamilton Street, Allentown, PA 18101. At the approval hearing, the Court will hear any objections and arguments about whether the proposed settlement should be approved, including the amount of the award of costs and attorney's fees to Class Counsel. **Unless you have objected to the settlement, you do not need to attend this hearing**. The approval hearing may be continued to a future date without further notice. If the Court does not approve the settlement, the case will proceed as if no settlement has been attempted. If the settlement is not approved, there is no assurance that the Class will recover more than is provided in the settlement or recover anything at all.

**F.** **WHO REPRESENTS THE CLASS?** Plaintiff, Hawk Valley, Inc., is the "Class Representative," and the following attorneys are "Class Counsel":

Brian J. Wanca                      Phillip A. Bock
Anderson + Wanca               Bock & Hatch LLC
3701 Algonquin Road, Suite 760    134 N. La Salle Ave., Suite 1000
Rolling Meadows, IL 60008        Chicago, IL 60602

Alan C. Milstein
Sherman, Silverstein, Kohl,
Rose & Podolsky, P.A.
308 Harper Dr #200
Moorestown, NJ 08057

At the final approval hearing, Class Counsel will request that the Court approve Defendants' insurer's agreement to pay Hawk Valley an incentive award of $15,000 for serving as the class representative. Additionally, Class Counsel will ask the Court to approve the insurer's agreement to pay them attorneys' fees of $667,000.00, plus reimburse their out-of-pocket expenses totaling not more than $40,000.00, for their work on behalf of the Class. Class Counsel have not been paid anything to date for their work.

**G.** **HOW DO I OBTAIN MORE INFORMATION ABOUT THE LAWSUIT OR THE SETTLEMENT?** This description of the case is general and does not cover all of the issues and proceedings. To see the complete file, including a copy of the settlement agreement,

you may visit the office of the Clerk of the U.S. District Court for the Eastern District of Pennsylvania, 504 W. Hamilton Street, Allentown, PA 18101. The Clerk will make the files relating to the lawsuit available to you for inspection and copying at your own expense. Documents are also available for a fee through https://ecf.paed.uscourts.gov.

If you have specific questions, you can write to Class Counsel at one of the addresses listed above. Include the case number, your name, your fax number, and your current street address on any correspondence. You may also call attorney Brian J. Wanca of Anderson + Wanca at 855-827-2329, or you can call attorney Phillip A. Bock of Bock & Hatch, LLC at 312-658-5501. Please do not contact the Clerk of the Court, the judge, or the judge's staff, because they cannot answer questions about this settlement or give you advice about this settlement.

**BY ORDER OF THE COURT**
**THE HONORABLE JAMES KNOLL GARDNER**

**PROOF OF CLAIM ATTACHED HERE**

Exhibit 3

**PROOF OF CLAIM – Hawk Valley, Inc. v. Elaine G. Taylor et al, Case No. 10-cv-804**

Fax Number:   <inserted by administrator>

*You Must Complete All **THREE** Steps to Claim a Share of the Settlement Fund (although completion of these steps is no guarantee of payment):*

1.      **You Must Provide Your Contact Information.**

Name: _____

Legal Name of Company: _____

If Your Company Has a Tax ID Number, Write it Here: _____

Address: _____

City/State/Zip Code: _____

E-mail Address: _____

Phone Number: _____

Fax Number(s): _____
[List all numbers. You may attach a separate sheet.]

2.      **You Must Verify Ownership of the Fax Number(s) Listed in #1 Above:**

"I swear under penalty of perjury that the fax number(s) identified above or attached to this claim form was / were mine or my company's on June 17, 2006."


_____
[Sign your name here]

3.      **You Must Return this Claim Form by [45 days]_____, [2015]:**

(a)      Fax this Claim Form to: <fax number for claims >

***OR***

(b)      Mail this Claim Form to: [CLAIMS ADMINISTRATOR]

Exhibit 4

**PROOF OF CLAIM – Hawk Valley, Inc. v. Elaine G. Taylor et al, Case No. 10-cv-804**

Fax Number:   <inserted by administrator>

*You Must Complete All **THREE** Steps to Claim a Share of the Settlement Fund (although completion of these steps is no guarantee of payment):*

**1.      You Must Provide Your Contact Information.**

Name: _____

Legal Name of Company: _____

Address: _____

City/State/Zip Code: _____

E-mail Address: _____

Phone Number: _____

Fax Number(s): _____
[List all numbers. You may attach a separate sheet.]

**2.      You Must Verify Ownership of the Fax Number(s) Listed in #1 Above:**

"I swear under penalty of perjury that the fax number(s) identified above or attached to this claim form was / were mine or my company's on June 17, 2006."

_____
[Sign your name here]

**3.      You Must Return this Claim Form by [45 days]_____, [2015]:**

(a)      Fax this Claim Form to: <u>&lt;fax number for claims &gt;</u>

***OR***

(b)      Mail this Claim Form to: [CLAIMS ADMINISTRATOR]

Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HAWK VALLEY, INC., individually and )
as the representative of a class of )
similarly-situated persons, )
                              ) No. 5:10-cv-00804-JKG
                Plaintiff, )
                              )
    v. )
                              )
ELAINE G. TAYLOR and )
ENVIRONMENTAL PROCESS )
SYSTEMS INC., )
                              )
              Defendants. )

## FINAL ORDER AND JUDGMENT

Plaintiff's motion for final approval of a class action settlement came before the Court for a fairness hearing on August 6, 2015, at 10:00 a.m., in Courtroom 4B of the U.S. District Court for the Eastern District of Pennsylvania, 504 W. Hamilton Street, Allentown, PA 18101.

1.     On _____, 2015, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") to the settlement reached between plaintiff, Hawk Valley, Inc. ("Plaintiff"), the Class (defined below), defendants Elaine G. Taylor and Environmental Process Systems, Inc. ("Defendants"), and Nationwide Mutual Insurance Company ("Nationwide"), successor by merger to Harleysville Mutual Insurance Company ("Harleysville"), as memorialized in the parties' Settlement Agreement filed with the Court.

2.     On August 6, 2015, the Court held a fairness hearing (the "Fairness Hearing"), of which members of the Class had been given prior notice. An

opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order.

3.      Having considered the Parties' moving papers, the Settlement Agreement, and all other evidence submitted concerning the motion,

### IT IS HEREBY ORDERED THAT:

4.      This Court has jurisdiction over Plaintiff, the members of the Class, Defendants, and the claims asserted in this lawsuit.

5.      This Court finds that the Settlement Agreement was entered into in good faith, following arm's-length negotiations, and that it was not collusive.

6.      This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases therein, and finds that the settlement is in all respects fair, reasonable, and adequate, and in the best interests of all those affected by it. Any timely objection that was filed has been considered and is overruled. Accordingly, this Final Order and Judgment binds any member of the Class who did not opt out.

### Class Certification

7.      On _____, 2015, pursuant to Rule 23, the Court certified the following Class by agreement of the parties and for purposes of settlement: "All persons sent one or more faxes on or about June 17, 2006 from 'Environmental Process Systems, Inc.' that advertised 'EPSI's Grass Grab-er' as a 'New way to treat your equipment wash water'" (the "Class").

8.      Excluded from the Class are Defendants, Nationwide, and

Harleysville, along with their parents, subsidiaries, affiliates and controlled persons, including their officers, directors, agents, servants or employees, and the immediate family members of such persons, the named counsel in this Litigation (including any member of their office or firm), the fax broadcaster involved, any licensed insurance company, and the members of the federal judiciary.

9.      The Court finds that the Class satisfies the requirements of Rule 23 in the context of the proposed settlement because: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are common questions of fact or law that predominate over any questions affecting only individual members; (3) the representative party will fairly and adequately protect the interests of the class; and (4) a class action is an appropriate method for the fair and efficient adjudication of the controversy.

10.     The Court also appointed plaintiff, Hawk Valley, Inc., as the "Class Representative" and appointed Phillip A. Bock of Bock & Hatch, LLC, Brian J. Wanca of Anderson + Wanca, and Alan C. Milstein of Sherman, Silverstein, Kohl, Rose & Podolsky, P.A. as "Class Counsel."

### Class Notice

11.     The Court finds that the "Notice of Class Action and Proposed Settlement" and the process by which such Notice was sent, fully complied with the requirements of Rule 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

## Objections and Opt-Outs

12.    The following _____ members of the Class filed objections to the settlement: __. The Court has considered each of these objections and has overruled them. None of these objections raised a valid concern about the fairness or appropriateness of the Settlement Agreement.

13.    The following persons validly requested exclusion from the Class: _____.

## Class Compensation

14.    As provided in the Settlement Agreement, Nationwide has agreed to make funds available to pay all Approved Claims submitted by the Class, an incentive award to Plaintiff, Class Counsel's attorneys' fees, Class Counsel's expenses up to $40,000.00, and the costs of notice and administration of this settlement by a third-party administrator.

15.    As agreed between the Parties, Nationwide will fund the payment by the Settlement Administrator to each Class member who submitted an Approved Claim $278.38 for each of Defendants' faxes that were sent to the claimants' fax numbers, as established by the Biggerstaff Report. Checks issued to the claiming Class members will be void 181 days after issuance. Funds from void checks will be returned to Nationwide.

## Awards of Incentive Award and Attorneys' Fees and Costs

16.    As agreed between the Parties, the Court approves Nationwide's agreement to pay Plaintiff $15,000.00 as part of the settlement for serving as the class representative in this matter.

17.    The Court approves Class Counsel attorneys' fees in the amount of $667,000.00, plus reasonable out-of-pocket expenses not to exceed $40,000.00, the Court finding that such fees and expenses are fair and reasonable.

### Releases and Dismissal

18.    All claims or causes of action of any kind by Plaintiff and all Class members with regard to the claims at issue in this suit are forever barred and released pursuant to the terms of the releases set forth in the parties' Settlement Agreement.

19.    This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Class (except that the dismissal is without prejudice as to those persons identified above who submitted valid exclusions from the Class), and without fees or costs except as provided above.

### Other Provisions

20.    The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here.

21.    This Court retains continuing jurisdiction over this action, Plaintiff, all members of the Class, and Defendants to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

22.    The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

23.     If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or this Final Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or this Final Order and Judgment are reversed, vacated, or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Order and Judgment shall be void and shall be deemed vacated.

Dated: _____          _____
                                                            Judge James Knoll Gardner