## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAWK VALLEY, INC., individually and<br>as the representative of a class of<br>similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>ELAINE G. TAYLOR and<br>ENVIRONMENTAL PROCESS<br>SYSTEMS INC.,<br><br>Defendants. | )<br>)<br>)<br>)  No. 5:10-cv-00804-JKG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER PRELIMINARILY APPROVING CLASS
## ACTION SETTLEMENT AND APPROVING CLASS NOTICE

This matter coming before the Court on Plaintiff's Unopposed Motion for

Preliminary Approval of Class Action Settlement and Notice to the Class ("Joint

Motion for Preliminary Approval"),[1] the Court being fully advised in the premises,

---

[1]     The Joint Motion for Preliminary Approval was filed January 27, 2015 (Document 185), together
with the following documents:

> Memorandum in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class
> Action Settlement and Notice to the Class (Document 185-1);

> Exhibit A to the Joint Motion for Preliminary Approval, an executed copy of the Settlement
> Agreement (Document 185-2), and

>> Exhibit 1 to the Settlement Agreement, a joint proposed Order granting preliminary
>> approval of the Settlement Agreement (Document 185-2)("Proposed Preliminary
>> Approval Order");

>> Exhibit 2 to the Settlement Agreement, a joint proposed Notice of Class Action and
>> Proposed Settlement (Document 185-2);

>> Exhibit 3 to the Settlement Agreement, a Proof of Claim – Hawk Valley, Inc. v. Elaine G.
>> Taylor et al, Case No. 10-cv-804 (Document 185-2) ("Defendants' Proposed Proof of
>> Claim Form");

(Footnote 1 continued):

IT IS HEREBY ORDERED as follows:

1.      Pursuant to Fed. R. Civ. P. 23, and by agreement of the parties, the

Court hereby certifies the following class: "All persons sent one or more faxes on[2]

June 17, 2006 from 'Environmental Process Systems, Inc.' that advertised 'EPSI's

Grass Grab-er' as a 'New way to treat your equipment wash water'" (the "Class").

Excluded from the Class are Defendants, Nationwide, and Harleysville, along with

_____

(Continuation of footnote 1):

> Exhibit 4 to the Settlement Agreement, a Proof of Claim – Hawk Valley, Inc. v. Elaine G. Taylor et al, Case No. 10-cv-804 (Document 185-2)("Plaintiff's Proposed Proof of Claim Form"); and

> Exhibit 5 to the Settlement Agreement, a joint proposed Order granting final approval of the Settlement Agreement (Document 185-2);

> Exhibit B to the Joint Motion for Preliminary Approval, a duplicate copy of Plaintiff's Proposed Proof of Claim Form (Document 185-3); and

> Exhibit C to the Joint Motion for Preliminary Approval, a duplicate copy of Defendants' Proposed Proof of Claim Form (Document 185-4).

Additionally, Plaintiff's Brief in Support of Its Proof of Claim Form was filed February 20, 2015 (Document 188), together with Exhibit A, a copy of Department of the Treasury, Internal Revenue Service, 2015 Instructions for Form 1099-MISC (Document 188-1).

On February 25, 2013, a conference was conducted by telephone conference call with the undersigned pursuant to Rule 16 of the Federal Rules of Civil Procedure. David M. Oppenheim, Esquire, and Phillip A. Bock, Esquire, appeared on behalf of plaintiff and the class. Athena Pappas, Esquire, appeared on behalf of defendant Elaine Taylor. Allan Scholler, Esquire, and Warren R. Wilkosz, Esquire, appeared on behalf of defendant Environmental Process Systems, Inc.

The documents described above were received and reviewed by me in advance of, and were discussed on, the February 25, 2015 conference call. Hence this Order Preliminarily Approving Class Action Settlement and Approving Class Notice.

[2]      The Proposed Preliminary Approval Order included the words "or about" between "on" and "June 17, 2006". That order also acknowledged that the words "or about" were not included in the class certified by my Order and accompanying Opinion dated and filed March 31, 2014 (Documents 142 and 141, respectively). During the February 25, 2015 conference call, I noted that including the words "or about", as proposed by the parties, would create ambiguity and uncertainty with respect to who is an eligible class-member claimant. Counsel for the parties agreed that the words "or about" should not be included between the words "on" and "June 17, 2006" in the class definition.

The body of this Order Preliminarily Approving Class Action Settlement and Approving Class Notice reflects that agreement, as do the Notice of Class Action and Proposed Settlement and the Proof of Claim form filed with the within order.

their parents, subsidiaries, affiliates and controlled persons, including their officers, directors, agents, servants or employees, and the immediate family members of such persons, the named counsel in this Litigation (including any member of their office or firm), the fax broadcaster involved, any licensed insurance company, and the members of the federal judiciary.

The Court finds that the above settlement class definition satisfies the requirements of Rule 23 in the context of the proposed settlement because: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are common questions of fact or law that predominate over any questions affecting only individual members; (3) the representative party will fairly and adequately protect the interests of the class; and (4) a class action is an appropriate method for the fair and efficient adjudication of the controversy.

As agreed by the Parties, the Court appoints plaintiff, Hawk Valley, Inc., as the "Class Representative" and appoints Brian J. Wanca of Anderson + Wanca, Phillip A. Bock of Bock & Hatch, LLC, and Alan C. Milstein of Sherman, Silverstein, Kohl, Rose & Podolsky, P.A. as "Class Counsel."

2.    The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length.    Pursuant to Rule 23, the Court preliminarily approves the settlement of this action, as embodied in the terms of the Settlement Agreement, as fair, reasonable, and in the best interests of all those who will be affected by it.

3.    The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby

preliminarily adopted as an Order of this Court.

4.      The parties have asked the Court to resolve their disagreement about the substance of the Proof of Claim to be completed by members of the Class. Defendants ask that class members be required to state their tax identification number on the claim form. Plaintiff opposes the inclusion of that requirement. Having considered the submissions of the parties on this issue, the Court orders that the parties use the modified version of Defendants' Proposed Proof of Claim Form and send that version with the Notice.[3]

5.      The Settlement Agreement proposes notice to the Class by fax in the form of Exhibit 2 to the Settlement Agreement, with a single direct mailing by U.S. mail to any Class member who cannot be reached by fax after three attempts. The Court finds that this notice plan is reasonable and satisfies Rule 23 and the requirements of due process under the United States Constitution. The plan is approved and adopted. The Court orders the parties to provide these notices to the Class through the third-party claims administrator as proposed on or before March 6, 2015. The Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies or exceeds the requirements of Rule 23 and due process.

6.      The Court sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate these deadlines and dates in the Class Notice:

---

[3]      The amended version of Defendants' Proposed Proof of Claim Form -- which includes the modifications discussed during the February 25, 2015 conference call -- that the parties are to utilize is filed together with the within order.

(a)     Requests by any Class member to opt out of the settlement must be filed with the Clerk of Court on or before April 20, 2015, or be forever barred;

(b)     Class Members who wish to object to the fairness, reasonableness or adequacy of the Settlement or wish to intervene are required to serve written request for such objections or intervention and all supporting memoranda shall be filed in this Court and postmarked and served on Class Counsel and Defendants' counsel on or before April 20, 2015, or be forever barred; and

(c)     Memoranda in support of final approval and responding to objections by attorneys general and class members (if any) due by July 1, 2015.

7.     The Fairness Hearing is hereby scheduled for August 6, 2015, at 10:00 a.m., in Courtroom 4-B of the Edward N. Cahn United States Courthouse, 504 W. Hamilton Street, Allentown, PA 18101.

8.     If (i) the Settlement Agreement is terminated pursuant to its terms; or (ii) the Settlement Agreement, Preliminary Approval Order, and Final Approval Order are reversed, vacated, or modified in any material respect, then (a) all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all other relevant portions of this Order, and, (b) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose. If the settlement does not become final in accordance with the terms of the Settlement Agreement, then

the Preliminary and/or Final Approval Orders shall be void and shall be deemed vacated.

9. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the settlement Class.

BY THE COURT:

DATE: *February 27, 2015*

James Knoll Gardner
James Knoll Gardner
United States District Judge