IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HAWK VALLEY, INC., individually and )
as the representative of a class of )
similarly-situated persons, )
                                                   ) No. 5:10-cv-00804-JKG
            Plaintiff, )
)
v. )
)
ELAINE G. TAYLOR and )
ENVIRONMENTAL PROCESS )
SYSTEMS INC., )
)
           Defendants. )

## FINAL ORDER AND JUDGMENT

Plaintiff's motion for final approval of a class action settlement came before the Court for a fairness hearing on August 6, 2015, at 10:00 a.m., in Courtroom 4B of the U.S. District Court for the Eastern District of Pennsylvania, 504 W. Hamilton Street, Allentown, PA 18101.

1. On February 27, 2015, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") to the settlement reached between plaintiff, Hawk Valley, Inc. ("Plaintiff"), the Class (defined below), defendants Elaine G. Taylor and Environmental Process Systems, Inc. ("Defendants"), and Nationwide Mutual Insurance Company ("Nationwide"), successor by merger to Harleysville Mutual Insurance Company ("Harleysville"), as memorialized in the parties' Settlement Agreement filed with the Court.

2. On August 6, 2015, the Court held a fairness hearing (the "Fairness Hearing"), of which members of the Class had been given prior notice. An

opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order.

3. Having considered the Parties' moving papers, the Settlement Agreement, and all other evidence submitted concerning the motion,

**IT IS HEREBY ORDERED THAT:**

4. This Court has jurisdiction over Plaintiff, the members of the Class, Defendants, and the claims asserted in this lawsuit.

5. This Court finds that the Settlement Agreement was entered into in good faith, following arm's-length negotiations, and that it was not collusive.

6. This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases therein, and finds that the settlement is in all respects fair, reasonable, and adequate, and in the best interests of all those affected by it. Any timely objection that was filed has been considered and is overruled. Accordingly, this Final Order and Judgment binds any member of the Class who did not opt out.

### Class Certification

7. On February 27, 2015, pursuant to Rule 23, the Court certified the following Class by agreement of the parties and for purposes of settlement: "All persons sent one or more faxes on ~~or about~~ *JKG* June 17, 2006 from 'Environmental Process Systems, Inc.' that advertised 'EPSI's Grass Grab-er' as a 'New way to treat your equipment wash water'" (the "Class").

8. Excluded from the Class are Defendants, Nationwide, and

Harleysville, along with their parents, subsidiaries, affiliates and controlled persons, including their officers, directors, agents, servants or employees, and the immediate family members of such persons, the named counsel in this Litigation (including any member of their office or firm), the fax broadcaster involved, any licensed insurance company, and the members of the federal judiciary.

9. The Court finds that the Class satisfies the requirements of Rule 23 in the context of the proposed settlement because: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are common questions of fact or law that predominate over any questions affecting only individual members; (3) the representative party will fairly and adequately protect the interests of the class; and (4) a class action is an appropriate method for the fair and efficient adjudication of the controversy.

10. The Court also appointed plaintiff, Hawk Valley, Inc., as the "Class Representative" and appointed Phillip A. Bock of Bock & Hatch, LLC, Brian J. Wanca of Anderson + Wanca, and Alan C. Milstein of Sherman, Silverstein, Kohl, Rose & Podolsky, P.A. as "Class Counsel."

## Class Notice

11. The Court finds that the "Notice of Class Action and Proposed Settlement" and the process by which such Notice was sent, fully complied with the requirements of Rule 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

### Objections and Opt-Outs

12. No members of the Class filed objections to the settlement.

13. No members of the Class requested exclusion from the Class.

### Class Compensation

14. As provided in the Settlement Agreement, Nationwide has agreed to make funds available to pay all Approved Claims submitted by the Class, an incentive award to Plaintiff, Class Counsel's attorneys' fees, Class Counsel's expenses up to $40,000.00, and the costs of notice and administration of this settlement by a third-party administrator.

15. As agreed between the Parties, Nationwide will fund the payment by the Settlement Administrator to each Class member who submitted an Approved Claim $278.38 for each of Defendants' faxes that were sent to the claimants' fax numbers, as established by the Biggerstaff Report. Checks issued to the claiming Class members will be void 181 days after issuance. Funds from void checks will be returned to Nationwide.

### Awards of Incentive Award and Attorneys' Fees and Costs

16. As agreed between the Parties, the Court approves Nationwide's agreement to pay Plaintiff $15,000.00 as part of the settlement for serving as the class representative in this matter.

17. The Court approves Class Counsel attorneys' fees in the amount of $667,000.00, plus reasonable out-of-pocket expenses not to exceed $40,000.00, the Court finding that such fees and expenses are fair and reasonable.

## Releases and Dismissal

18. All claims or causes of action of any kind by Plaintiff and all Class members with regard to the claims at issue in this suit are forever barred and released pursuant to the terms of the releases set forth in the parties' Settlement Agreement.

19. This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Class (except that the dismissal is without prejudice as to those persons identified above who submitted valid exclusions from the Class), and without fees or costs except as provided above.

## Other Provisions

20. The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here.

21. This Court retains continuing jurisdiction over this action, Plaintiff, all members of the Class, and Defendants to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

22. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

23. If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or this Final Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or this Final Order and

Judgment are reversed, vacated, or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Order and Judgment shall be void and shall be deemed vacated.

Dated: August 6, 2015

/s/ James Knoll Gardner
Judge James Knoll Gardner